UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------------x

                                               :

DANYELL THOMAS, RASHAUN F. FRAZER,     :
ANDRAE WHALEY and ELENI MIGLIS,
individually and on behalf of all other employees
similarly situated

                      Plaintiffs

                                               :

                      v.                 :      Civil Action No. 16-cv-8160

                                               :

BED BATH AND BEYOND, INC.                 :

                      Defendant.

                                             :

----------------------------------------------------------------------------x

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Bed Bath & Beyond Inc. ("Defendant"), by and through its

undersigned counsel, hereby answers the Complaint herein as follows:

## Introduction

1.      Defendant states that this introductory paragraph describes the

alleged nature of this action, to which no response is required. To the extent this

paragraph contains any factual allegations inconsistent with this Answer or any

affirmative defenses, Defendant denies such allegations.

2.      Defendant denies the allegations contained in paragraph 2 of the

Complaint.

3.      Defendant admits that its Department Managers are classified as non-

exempt employees and receive overtime pay under applicable state and federal law,

otherwise denied.

4.      Defendant denies the allegations contained in paragraph 4 of the Complaint.

5.      Defendant denies the allegations contained in paragraph 4 of the Complaint.

6.      Defendant states that paragraph 6 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 6 of the Complaint.

7.      Defendant denies the allegations contained in paragraph 7 of the Complaint.

8.      Defendant denies the allegations contained in paragraph 8 of the Complaint.

9.      Defendant denies the allegations contained in paragraph 9 of the Complaint.

10.      Defendant denies the allegations contained in paragraph 10 of the Complaint.

11.      Defendant denies the allegations contained in paragraph 11of the Complaint.

12.      Defendant denies the allegations contained in paragraph 12 of the Complaint.

13.     Defendant admits that it paid holiday pay, but denies the remaining factual allegations contained in paragraph 13 of the Complaint.

14.     Defendant admits that it had a referral bonus program, but denies the remaining factual allegations contained in paragraph 14 of the Complaint.

15.     Defendant denies the allegations contained in paragraph 15 of the Complaint.

16.     Defendant denies the allegations contained in paragraph 16 of the Complaint.

17.     Defendant states that paragraph 17 describes the alleged nature of this action, to which no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies such allegations.

18.     Defendant states that paragraph 18 describes the alleged nature of this action, to which no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies such allegations.

## Jurisdiction and Venue

19.     Defendant states that paragraph 19 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 19 of the Complaint.

20.    Defendant states that paragraph 20 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 20 of the Complaint.

## Plaintiffs

21.    Defendant states that Plaintiff Danyell Thomas ("Thomas") was employed by Defendant from December 7, 2009 until May 11, 2015. Defendant is without sufficient information to admit or deny the allegations concerning Plaintiff Thomas' residency. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 21 of the Complaint.

22.    Defendant states that Plaintiff Rashaun F. Frazer ("Frazer") was employed by Defendant from October 31, 2011 to January 12, 2015. Defendant is without sufficient information to admit or deny the allegations concerning Plaintiff Frazer's residency. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 22 of the Complaint.

23.    Defendant states that Plaintiff Andrae Whaley ("Whaley") was employed by Defendant from July 8, 2011 to July 22, 2016. Defendant is without sufficient information to admit or deny the allegations concerning Plaintiff Whaley's residency. To the extent this paragraph contains any factual allegations

inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 23 of the Complaint.

24.     Defendant states that Plaintiff Eleni Miglis ("Miglis") was employed by Defendant from February 25, 2008 until March 19, 2015. Defendant is without sufficient information to admit or deny the allegations concerning Plaintiff Miglis' residency. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 24 of the Complaint.

## Defendant

25.     Defendant admits the allegations contained in paragraph 25 of the Complaint.

26.     Defendant admits the allegations contained in paragraph 26 of the Complaint.

27.     Defendant states that paragraph 27 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 27 of the Complaint.

28.     The allegations contained in paragraph 28 are vague and ambiguous, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 28 of the Complaint.

29.     Defendant denies the allegations contained in paragraph 29 of the Complaint.

30.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 30 of the Complaint. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 30 of the Complaint.

## Statement of Facts

31.     Defendant denies the allegations contained in paragraph 31 of the Complaint.

### *Facts Applicable to All Plaintiffs Worked as DM*

32.     Defendant admits that Plaintiffs performed some of the duties listed in paragraph 32 of the Complaint, but denies that they "regularly" performed said duties.

33.     Defendant denies the allegations contained in paragraph 33 of the Complaint.

34.     Defendant denies the allegations contained in paragraph 34 of the Complaint.

35.     Defendant denies the allegations contained in paragraph 35 of the Complaint.

36.     Defendant denies the allegations contained in paragraph 36 of the Complaint.

37.     Defendant denies the allegations contained in paragraph 37 of the Complaint.

*Facts for Individual Plaintiffs Worked as DM*

*Plaintiff Thomas*

38.     Defendant states that Plaintiff Thomas was employed by Defendant from December 7, 2009 until May 11, 2015. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 38 of the Complaint.

39.     Defendant admits that Plaintiff Thomas typically worked five days per week, otherwise denied.

40.     Defendant states that Plaintiff Thomas' work hours varied from week to week, otherwise denied.

41.     The allegations contained in paragraph 41 are vague and ambiguous, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 41 of the Complaint.

42.     Defendant admits that Plaintiff Thomas' starting base salary was approximately $52,000 which later increased to approximately $54,000. Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 42 of the Complaint. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 42 of the Complaint.

*Plaintiff Frazer*

43.     Defendant states that Plaintiff Frazer was employed by Defendant from October 31, 2011 to January 12, 2015. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 43 of the Complaint.

44.     Defendant admits that Plaintiff Frazer typically worked five days per week, otherwise denied.

45.     Defendant states that Plaintiff Frazer's work hours varied from week to week, otherwise denied.

46.     Defendant admits that Plaintiff Frazer's starting base salary was approximately $52,000 which later increased to approximately $54,000. Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 46 of the Complaint. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 46 of the Complaint.

*Plaintiff Whaley*

47.     Defendant states that Plaintiff Whaley was employed by Defendant from July 8, 2011 to July 22, 2016. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 47 of the Complaint.

48.     Defendant admits that Plaintiff Whaley typically worked five days per week, otherwise denied.

49.     Defendant states that Plaintiff Whaley's work hours varied from week to week, otherwise denied.

50.     Defendant admits that Plaintiff Whaley's starting base salary was approximately $57,000 which later increased to approximately $60,000. Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 50 of the Complaint. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 50 of the Complaint.

*Facts for Individual Plaintiff Worked as AM*

*Plaintiff Eleni Miglis*

51.     Defendant states that Plaintiff Miglis was employed by Defendant from February 25, 2008 until March 19, 2015. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 51 of the Complaint.

52.     Defendant denies the allegations contained in paragraph 52 of the Complaint.

53.     Defendant admits that Plaintiff Miglis typically worked five days per week, otherwise denied.

54.     Defendant states that Plaintiff Miglis' work hours varied from week to week, otherwise denied.

55.     Defendant denies the allegations contained in paragraph 55 of the Complaint.

56.     Defendant denies the allegations contained in paragraph 56 of the Complaint.

57.     Defendant denies the allegations contained in paragraph 57 of the Complaint.

58.     Defendant denies the allegations contained in paragraph 58 of the Complaint.

59.     Defendant denies the allegations contained in paragraph 59 of the Complaint.

60.     Defendant denies the allegations contained in paragraph 60 of the Complaint.

61.     Defendant denies the allegations contained in paragraph 61 of the Complaint.

62.     Defendant denies the allegations contained in paragraph 62 of the Complaint.

63.     Defendant denies the allegations contained in paragraph 63 of the Complaint.

## Collective Action Allegations

64.     Defendant states that paragraph 64 describes the alleged nature of this action, to which no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 64 of the Complaint.

65.     Defendant denies the allegations contained in paragraph 65 of the Complaint.

66.     Defendant denies the allegations contained in paragraph 66 of the Complaint.

67.     Defendant denies the allegations contained in paragraph 67 of the Complaint.

68.     Defendant denies the allegations contained in paragraph 68 of the Complaint.

69.     Defendant denies the allegations contained in paragraph 69 of the Complaint.

70.     Defendant denies the allegations contained in paragraph 70 of the Complaint.

71.     Defendant denies the allegations contained in paragraph 71 of the Complaint.

72.     Defendant denies the allegations contained in paragraph 72 of the Complaint.

73.     Defendant denies the allegations contained in paragraph 73 of the Complaint.

74.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 74 of the Complaint. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 74 of the Complaint.

75.     Defendant denies the allegations contained in paragraph 75 of the Complaint.

## Class Action Allegations

76.     Defendant states that paragraph 76 describes the alleged nature of this action, to which no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 76 of the Complaint.

77.     Defendant denies the allegations contained in paragraph 77 of the Complaint.

78.     Defendant denies the allegations contained in paragraph 78 of the Complaint.

79.     Defendant denies the allegations contained in paragraph 79 of the Complaint.

80.     Defendant denies the allegations contained in paragraph 80 of the Complaint.

81.     Defendant denies the allegations contained in paragraph 81 of the Complaint.

82.     Defendant denies that it "implement [an] unlawful wage and hour practice." Further answering, Defendant states that it is without sufficient information to admit or deny the allegations contained in paragraph 82 of the Complaint. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 82 of the Complaint.

12

83.     Defendant denies the allegations contained in paragraph 83 of the Complaint.

## Statement of Claim

### Count I
### [Violations of the Fair Labor Standards Act – Overtime Wage Brought on Behalf of the Plaintiffs and the FSLA Collective]

84.     Defendant incorporates by reference its responses to paragraphs 1–83.

85.     Defendant states that paragraph 85 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies all allegations contained in paragraph 85 of the Complaint.

86.     Defendant states that paragraph 86 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies all allegations contained in paragraph 86 of the Complaint.

87.     Defendant denies the allegations contained in paragraph 87 of the Complaint.

88.     Defendant denies the allegations contained in paragraph 88 of the Complaint.

89.     Defendant denies the allegations contained in paragraph 89 of the Complaint.

90.     Defendant states that paragraph 90 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 90 of the Complaint.

91.     Defendant denies the allegations contained in paragraph 91 of the Complaint.

92.     Defendant denies the allegations contained in paragraph 92 of the Complaint.

## Count II
### [Violation of New York Labor Law – Overtime Pay
### Brought on Behalf of Plaintiff and the Rule 23 Class]

93.     Defendant incorporates by reference its responses to paragraphs 1–92.

94.     Defendant states that paragraph 94 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 94 of the Complaint.

95.     Defendant denies the allegations contained in paragraph 95 of the Complaint.

96.     Defendant denies the allegations contained in paragraph 96 of the Complaint.

## Count III
### [Violation of New York Labor Law – Time of Hire Wage Notice Requirement]

97.    Defendant incorporates by reference its responses to paragraphs 1–96.

98.    Defendant states that paragraph 98 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 98 of the Complaint.

99.    Defendant denies the allegations contained in paragraph 99 of the Complaint.

100.    Defendant denies the allegations contained in paragraph 100 of the Complaint.

101.    Defendant denies the allegations contained in paragraph 101 of the Complaint.

## Count IV
### [Violation of New York Labor Law-New York Pay Stub Requirement]

102.    Defendant incorporates by reference its responses to paragraphs 1–101.

103.    Defendant states that paragraph 103 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative

defenses, Defendant denies the allegations contained in paragraph 103 of the Complaint.

104.    Defendant denies the allegations contained in paragraph 104 of the Complaint.

105.    Defendant denies the allegations contained in paragraph 105 of the Complaint.

## Prayer for Relief

Defendant states that the remaining paragraphs of the Complaint set forth prayers for relief, not allegations of fact, such that no response is required. To the extent these paragraphs contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies such allegations.

### First Affirmative Defense

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs' claims are barred in whole or in part because Defendant has complied with all applicable statutes and regulations, including without limitation the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and the New York Labor Law Article 19, §§ 650 *et seq.*

### Third Affirmative Defense

Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitation.

**Fourth Affirmative Defense**

Plaintiffs' claims are barred in whole or in part because Defendant had reasonable grounds to believe in good faith that it was not violating the FLSA or the NYLL.

**Fifth Affirmative Defense**

Plaintiffs' claims are barred in whole or in part because Defendant's alleged violations or actions were not intentional or willful.

**Sixth Affirmative Defense**

Plaintiffs' claims are barred in whole or in part because Plaintiffs were properly compensated pursuant to the NYLL, the FLSA, and applicable regulations, including but not limited to 29 C.F.R. §778.114 and 29 C.F.R. part 541.

**Seventh Affirmative Defense**

Plaintiffs' claims are barred in whole or in part because Plaintiffs lack standing and/or are not "similarly situated" to any of the putative class members.

**Eighth Affirmative Defense**

Plaintiffs' claims are barred in whole or in part by the doctrines of laches, unclean hands, and avoidable consequences.

**Ninth Affirmative Defense**

Plaintiffs' claims are not suited for class or collective status, because Plaintiffs lack adequate class or collective action counsel.

**Tenth Affirmative Defense**

Plaintiffs' claims are not suited for class or collective status, because Plaintiffs cannot adequately represent the putative class or collective group.

Dated: December 16, 2016

Respectfully submitted,

BED BATH & BEYOND INC.

/s/ Jonathan L. Sulds
Jonathan L. Sulds
Greenberg Traurig, LLP
MetLife Building
200 Park Avenue, 34th Floor
New York, NY 10166
Telephone: 212.801.9200
Fax: 212.801.6400
suldsj@gtlaw.com

And

/s/ Justin F. Keith
Justin F. Keith
Greenberg Traurig
One International Place
Boston, MA 02110
Telephone: 617.310.6230
Fax: 617.897.0930
keithj@gtlaw.com

18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
                                            :

DANYELL THOMAS, RASHAUN F. FRAZER,       :
ANDRAE WHALEY and ELENI MIGLIS,
individually and on behalf of all other employees
similarly situated

                        Plaintiffs

                                    :

                      v.                 :     Civil Action No. 16-cv-8160

                                    :

BED BATH AND BEYOND, INC.               :

                        Defendant.

                                    :
-------------------------------------------------------------------------x

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on December 16, 2016 a true copy of the above document was served upon the attorney of record for each other party by ECF filing.

Dated: December 16, 2016

       New York, New York

                                Respectfully submitted,

                                /s/ Justin F. Keith
                                Justin F. Keith
                                Greenberg Traurig
                                One International Place
                                Boston, MA 02110
                                Telephone: 617.310.6230
                                Fax: 617.897.0930
                                keithj@gtlaw.com

                                *Attorneys for Defendant*
                                *Bed Bath & Beyond Inc.*