January 9, 2017

<u>VIA E-FILING</u>

Hon. Paul A. Engelmayer
United States District Court Judge
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

   Re: ***Danyell Thomas, et al. v. Bed Bath and Beyond, Inc.***, **No. 1:16-cv-08160**
     **Joint Statement in Advance of Initial Pretrial Conference**

Dear Judge Engelmayer:

  Pursuant to your Honor's December 19, 2016 Order, the parties jointly submit this letter along with the attached Proposed Civil Case Management Plan and Scheduling Order in advance of the Initial Pretrial Conference scheduled for Friday, January 13, 2017, at 1:30 pm.

  **I.**  **Brief Description of the Case**

<u>Plaintiffs' Description</u>:
  This matter arises under the Fair Labor Standards Act ("FLSA" ) (29 U.S.C. §§ 201 et seq.) and the New York Labor Law (NYLL §§ 650 et seq. and NYCRR §§ 142 et seq.).

  During different periods of time from October 2011 to July 23, 2016, the named Plaintiffs worked as Department Manager ("DM") (only Plaintiff Elieni Miglis also worked as Assistant Store Manager ("AM") ) at various Defendant's stores in New York. While working as DMs, plaintffs were classified as non-exempted salaried employees and Plaintiff Elieni Miglis were classified as exempted employee when she worked at as AM. All Plaintiffs regularly worked over 40 hours a week and were subjected to Defendant's fluctuating workweek compensation scheme ("FWW"). Although courts in New York and the Second Circuit recognize the FWW under the FLSA as a lawful practice. It is Plaintiffs' position that BBB failed to comply with all the necessary prerequisites in order to utilize the FWW and its application therefore was unlawful. As a result, Plaintiffs, including all other similarly situated employees, are entitled to overtime compensation calculated at the standard 1.5 premium overtime rate. Plaintiffs additionally seek to recover damages for wage notice violations under NYLLL § 195(3) and NYLL § 198(1-d).

  Defendant has indicated the intention to move for summary judgement regarding BBB's use of FWW with limited discovery ordered by the Court. It is Plaintiffs position that summary judgement is fundamentally inappropriate on the issue of Defendants' application of FWW (there is also the intertwined issue of BBB's mis-classification of AMs). The enumerated prerequisites to adopt FWW and its enforcement necessarily require substantial factual inquiry into the specifics around the employees' employment with BBB and the inquiry is only compounded by the fact that there are different stores involved in the instant action.

Plaintiffs are ready to move for conditional certification of collective action and they are confident that similarly situated individuals will opt in. Considering the potential size of the collective class (and the potential Rule 23 class), summary judgement at this stage of the case, even with limited discovery, is pre-mature and will not be able to lead to a sound resolution of the case and allowing Defendant to proceed the litigation on a very limited scale will be a miscarriage of justice.

<u>Defendant's Description</u>: Plaintiffs all worked as salaried non-exempt employees for BBB at various times and in various New York store locations.[1] At all relevant times, Plaintiffs were paid overtime for all hours worked over forty (40). Plaintiffs' overtime was calculated and paid using the Fair Labor Standards Act's ("FLSA") well-established fluctuating workweek methodology. Under the fluctuating workweek method, the weekly salary constitutes the straight-time compensation for all hours worked, with each overtime hour paid at an additional one-half. *See* 29 C.F.R. § 778.114(a). Consistent with the regulations, BBB paid Plaintiffs overtime compensation for all hours worked over 40, in addition to their guaranteed weekly base salary. Contrary to Plaintiffs' allegations, it is also BBB's position that it complied with the necessary prerequisites in order to utilize the fluctuating workweek and provided proper wage and hour notice(s) to all employees including the Plaintiffs.

Given that Plaintiffs' claims center on whether BBB's use of the fluctuating workweek compensation methodology was lawful under the FLSA and the New York Labor Laws ("NYLL")[2], BBB respectfully requests that this Court fashion a discovery and dispositive motion schedule to allow for resolution of this threshold dispositive legal issue as soon as practicable.

Finally, Defendant wishes to bring to the Court's attention that there is a nearly-identical complaint pending in New York state court, *Cheryl A. Strycharz and Danielle Brown v. Bed Bath and Beyond, Inc.*, Index No. 16-608039 (N.Y. Sup. Ct. Nassau Cnty. Oct. 18, 2016) (the "NY State Action"). The NY State Action was filed on the same day as this action, and is brought by the same counsel, Hang & Associates, PLLC. On December 16, 2016, BBB moved to dismiss the NY State Action because, among other things, it is duplicative of this case. The return date for BBB's motion to dismiss is January 25, 2017.

## II. Contemplated Motions

<u>Motions Contemplated by Plaintiffs</u>: Plaintiffs anticipate filing conditional certification of collective action at this time. It is Plaintiffs position that the issue of BBB's use of FWW cannot and should not resolved by Summary Judgement, especially not at this stage of the litigation.

<u>Motions Contemplated by Defendant</u>: Defendant anticipates filing a motion for summary judgment as soon as practicable. In BBB's view, the threshold legal issue regarding its use of the fluctuating workweek will control the outcome of this case. BBB proposes that the parties engage in limited discovery concerning its use of the fluctuating workweek, with all discovery as

---

[1] One named plaintiff, Eleni Miglis, also alleges that she and other members of the proposed class were misclassified as exempt when they worked as Assistant Store Managers.

[2] The FLSA's fluctuating workweek methodology of calculating overtime compensation is also lawful under the NYLL. *See Wills v. Radioshack Corp.*, 981 F. Supp. 2d 245 (S.D.N.Y. 2013) (employer's "use of the FWW method to calculate the overtime pay of its nonexempt store managers, such as [plaintiff], violated neither the FLSA nor the NYLL").

NY 371124407v3

to the remaining issues, including conditional and/or class certification, to be stayed pending completion of the summary judgment phase.

### III. Prospect for Settlement

<u>Plaintiffs' Position</u>:

Plaintiffs do not anticipate achieving a resolution of this dispute through settlement at this state of the case. Plaintiffs, however, are willing to explore, in good faith, the possibility of reaching a class settlement that may be acceptable to the parties as the case further progresses.

<u>Defendant's Position</u>: BBB does not anticipate achieving a resolution of this dispute until after the Court rules on a motion for summary judgment. To the extent the case progresses past the summary judgment stage, BBB will act in good faith in exploring a resolution of the matter that may be acceptable to the parties.

Very truly yours,

| | |
|---|---|
| **HANG & ASSOCIATES, PLLC** | **GREENBERG TRAURIG, LLP** |
| Attorney for Plaintiffs | Attorneys for Defendant |
| 136-18 39th Avenue | Bed Bath and Beyond Inc. |
| Suite 1003 | 200 Park Avenue |
| Flushing, New York 11354 | New York, New York 10166 |
| (718) 353-8588 | (212) 801-9200 |
| | |
| By:   /s/ Keli Liu | By:   /s/ Jonathan Sulds |
|        Keli Liu |        Jonathan Sulds |

NY 371124407v3