# EXHIBIT 1

**MASHEL LAW, L.L.C.**
**500 Campus Drive, Suite 303**
**Morganville, New Jersey 07751**
**(P): (732) 536-6161**
**(F): (732) 536-6165**
**(E): smashel@mashellaw.com**
**Attorneys for Plaintiffs Brent Carter,**
**Robert Haynes and Kenneth Cuoco**

By:   **STEPHAN T. MASHEL, ESQUIRE**
        **N.J. ID. No.: 031851986**

| | |
|---|---|
| **BRENT CARTER, ROBERT HAYNES,** and **KENNETH CUOCO**, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**BED BATH & BEYOND, Inc.,** a New York Corporation<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION MIDDLESEX COUNTY<br><br>DOCKET NO: MID-L-6178-16<br><br><u>Civil Action</u><br><br>**THIRD AMENDED CLASS ACTION COMPLAINT** |

## INTRODUCTION

1.      This is a class action brought by Plaintiffs, Brent Carter ("Plaintiffs" or "Carter"), Robert Haynes ("Plaintiffs" or "Haynes") and Kenneth Cuoco ("Plaintiffs" or "Cuoco"), on behalf of themselves and all similarly situated current and former employees who worked in stores located in New Jersey operated by Defendant Bed Bath & Beyond, Inc. ("BBB") to recover for Defendant's failure to pay overtime wages in violation of The New Jersey Wage and Hour Law N.J.S.A., 34:11-56.1 to -56.12 ("NJWHL").

2.      Plaintiffs, and those similarly situated, were subjected to Defendant BBB's policy and practice of failing to pay overtime at a rate of one and one-half times their regular rate for hours worked in excess of forty (40) hours during a workweek.

3.      The proposed Class consists of all persons employed by Defendant BBB in New Jersey who worked as either a Department Manager ("DM") and/or as a Customer Service Representative ("CSR") and/or as an Assistant Store Manager ("ASM") at any time two years prior to the filing of this action throughout the entry of judgment who worked over 40 hours per week and were not paid overtime pay at a rate of one and one half times their regular rate for hours worked in excess of 40 during a workweek (hereinafter the proposed "Class").

4.      Specifically, Plaintiffs complain that rather than Defendant BBB paying Plaintiffs and all other members of the proposed Class overtime pay at a rate of one and one-half times their regular rate for hours worked in excess of forty (40) hours during a workweek as is required by the NJWHL, BBB instead unlawfully paid the proposed Class members overtime pay based on a calculation which divided an employee's base weekly salary by all hours worked in the week divided by 2 multiplied by all hours worked over 40 in the week. Put differently, BBB used the following "Fluctuating OT" formula to improperly calculate the proposed Class members overtime pay:

$$\frac{\text{Base weekly salary}}{\text{All hours worked}} \div 2 \quad x \quad \text{all hours worked over 40 in the week} = \text{additional pay}$$

5.      Defendant BBB unlawfully applied the Fluctuating OT formula to avoid paying the DMs, CSRs and ASMs overtime compensation required under the NJWHL, to wit, overtime pay at a rate of one and one half times their regular rate for hours worked in excess of forty (40) hours during a work week.

6.      To remedy their damages, Plaintiffs bring this action as a state class action pursuant to New Jersey Rule of Court R. 4:32-1 (Rule 32).

7.      Plaintiffs contend that Defendant BBB's improper classification resulted in the failure to properly compensate its DMs, CSRs and ASMs overtime pay as required under the NJWHL.

8.      Plaintiffs seeks a declaration that their rights, and the rights of other Class members, were violated, an award of unpaid wages, an award of liquidated and compensatory damages, and an award of attorneys' fees and costs to make them whole for damages suffered.

## PARTIES

9.      Plaintiff, Brent Carter, is an individual who resides in Union County, New Jersey. Plaintiff worked for the Defendant BBB as a Customer Service Representative and DM.

10.     Plaintiff, Robert Haynes, is an individual who resides in Middlesex County, New Jersey.   Plaintiff worked for the Defendant BBB in New Jersey as a ASM.

11.     Plaintiff, Kenneth Cuoco, is an individual who resides in Sussex County, New Jersey. Plaintiff worked for the Defendant BBB in New Jersey as a DM.

12.      Defendant, BBB, is a New York corporation with its principal executive offices located at 650 Liberty Avenue, Union, New Jersey 07083.

13.      The following is believed to accurately describe Defendant BBB:

Bed Bath & Beyond Inc., incorporated on October 5, 1971, is a retailer, which operates under the names Bed Bath & Beyond (BBB), Christmas Tree Shops, Christmas Tree Shops and That! or and That! (collectively, CTS), Harmon or Harmon Face Values (collectively, Harmon), buybuy BABY (Baby) and World Market, Cost Plus World Market or Cost Plus (collectively, Cost Plus World Market). The Company operates in two segments: North American Retail and Institutional Sales.

The Company's customers can purchase products from the Company either in-store, online, with a mobile device or through a contact center. The Company also operates Linen Holdings, a provider of a range of textile products, amenities and other goods to institutional customers in the hospitality, cruise line, healthcare and other industries. Additionally, the Company is a partner in a joint venture, which operates approximately seven retail stores in Mexico under the name Bed Bath & Beyond.

The Company sells a range of domestics merchandise and home furnishings. Domestics merchandise includes categories, such as bed linens and related items, bath items and kitchen textiles. Home furnishings include categories, such as kitchen and tabletop items, fine tabletop, basic housewares, general home furnishings, consumables and juvenile products.

The Company operates approximately 1,530 stores plus its various Websites, other interactive platforms and distribution facilities. The Company's over 1,530 stores operate in approximately 50 states, the District of Columbia, Puerto Rico and Canada, including over 1,020 BBB stores, approximately 280 Cost Plus World Market stores, over 100 Baby stores, approximately 80 CTS stores and over 50 Harmon stores. The Company's stores range in size from approximately 5,000 to 100,000 square feet. The Company has distribution facilities, which ship merchandise to stores and customers, totaling approximately 6.1 million square feet consisting of over three owned and approximately 10 leased facilities. The Company has approximately 813,000 square feet within over 20 leased and owned facilities for procurement and corporate office functions. In addition, the Company has over seven locations, totaling approximately 14,000 square feet, which are utilized primarily for institutional sales related functions.[1]

## ALLEGATIONS AS TO BRENT CARTER

14.     Defendant employs several different types of workers, including but not limited to Department Managers, Customer Service Representatives, Assistant Store Managers, Store Managers, and other corporate employees.

15.     In or about December 2010 Plaintiff Carter was hired by Defendant BBB and was assigned to work in their Totowa, New Jersey store as a DM and worked there as a DM until in or about July 2011.

---

[1] http://www.reuters.com/finance/stocks/companyProfile?symbol=BBBY.O

16.     Thereafter, Plaintiff Carter worked as a DM in BBB's Watchung, New Jersey store from July 2011 through in or about July 2014.

17.     Thereafter, Plaintiff Carter worked as a DM in BBB's Totowa, New Jersey store from July 2011 through in or about July 2014.

18.     Thereafter, Plaintiff Carter worked as a DM and/or CSR in BBB's Bridgewater, New Jersey store from July 2014 through April 2015.

19.     The job duties of a DM and CSR are substantially similar and include, but are not limited to unloading freight, stocking product, stocking merchandise, assisting customers, cashier services, clean, organize and fixing stock room, gift packaging, getting together orders for online pick up, packing, sorting and shipping damaged goods, going outside to shipping trailers and getting items to replenish the store with, mopping and sweeping the store floor, cleaning the bathroom, organizing the sales floor and ordering merchandise.

20.     Plaintiff Carter's primary duties as a DM and/or CSR did not include: hiring, firing, managing or disciplining other employees.

21.     Plaintiff Carter's duties as a DM and/or CSR did not differ substantially from the duties of normal hourly paid store employees, who also perform many of the responsibilities previously described.

22.     Plaintiff Carter did not exercise a meaningful degree of independent discretion with respect to the exercise of his duties as a DM and/or CSR.

23.     Consistent with Defendant's policy and pattern or practice, Plaintiff Carter regularly worked in excess of 40 hours per work week without being paid a legally required overtime rate of 1.5 times his regular rate of compensation for the hours he worked in excess of 40 hours per work week.

24.     Defendant knew that the improper payment of overtime pay would financially injury

Plaintiff Carter and similarly situated employees and violate New Jersey state law.

25.     Throughout his employment with Defendant BBB as a DM and CSR, Plaintiff Carter regularly worked in excess of 40 hours per week.

26.     As a DM and/or CSR in Bridgewater, New Jersey from July 2014 until April 2015, Plaintiff was paid a base salary approximating $65,000 per year.

27.     As a DM and./or CSR, Defendant failed to pay Plaintiff Carter overtime pay at a rate of one and one-half times their regular rate for hours worked in excess of 40 hours during a workweek as required under New Jersey state law.

## ALLEGATIONS AS TO ROBERT HAYNES

28.     Plaintiff Haynes was hired by Defendant BBB in August 2013 as a DM and assigned to work in its Brick, New Jersey store there until August 2014.

29.     Thereafter, Plaintiff Haynes worked for Defendant BBB as a DM in its Brick, New Jersey store from in or about August 2014 through in or January 2014.

30.     Thereafter, Plaintiff Haynes worked for Defendant BBB as a DM in its Hamilton, New Jersey store from in or about January 2014 through in or about May 2014.

31.     Thereafter, Plaintiff Haynes worked for Defendant BBB as a DM in its Bridgewater, New Jersey store from in or about May 2014 through in or about July 2014.

32.     Thereafter, Plaintiff Haynes worked for Defendant BBB as a DM in its Watchung, New Jersey store from in or about July 2014 through in or about August 2014.

33.     Thereafter, Plaintiff Haynes worked for Defendant BBB as a ASM in its Watchung, in August 2014 for approximately three (3) weeks.

34.     Thereafter, Plaintiff Haynes worked for Defendant BBB as an ASM in its Bridgewater, New Jersey store from August 2014 through March 2016.

35.     The tasks that Plaintiff Haynes performed as an ASM were substantially the same as the responsibilities of a DM or CSR with the addition that as an ASM Plaintiff Haynes had was able to approve merchandise orders, order supplies and open and close stores.

36.     Despite the fact that his responsibilities as an ASM were substantially the same as a DM or CSR, Plaintiff Haynes was classified by BBB as an employee exempt from receiving overtime pay, and therefore, did not receive overtime compensation for the hours he worked in excess of 40.

37.     Plaintiff Haynes' primary duties as ASM did not include: hiring, firing, managing or disciplining other employees.

38.     Plaintiff Haynes' duties as ASM did not differ substantially from the duties of normal hourly paid store employees, who also perform many of the responsibilities previously described.

39.     Plaintiff Haynes did not exercise a meaningful degree of independent discretion with respect to the exercise of his duties.

40.     Consistent with Defendants policy and pattern of practice, Plaintiff Haynes regularly worked in excess of 40 hours per work week without being paid a premium overtime rate of 1.5 times of the respective regular rate of compensation for the hours he worked in excess of 40 per work week.

41.     Defendant knew that the improper payment of overtime pay would financially injure Plaintiff Haynes and similarly situated employees and violated state and federal laws.

42.     Throughout his employment with Defendant BBB as a DM, Plaintiff regularly worked in excess of 40 hours per week.

43.     At the time Plaintiff Haynes worked as an ASM in BBB's Bridgewater, New Jersey store, he regularly worked in excess of forty (40) hours in a week.

44.     At the time Plaintiff Haynes worked as an ASM in BBB's Bridgewater, New Jersey store, he was paid a base salary approximating $69,700 per year.

45.     As an ASM, Defendant failed to pay Plaintiff Haynes overtime pay at a rate of one and one-half times their regular rate for hours worked in excess of 40 hours during a workweek, as required under New Jersey state law.

## ALLEGATIONS AS TO KENNETH CUOCO

46.     Plaintiff Cuoco was hired by Defendant BBB in or about July 2011 as a DM and assigned to work in its Springfield, New Jersey store. Cuoco worked in the Springfield store from July 2011 until in or about January 2012.

47.     Thereafter, Plaintiff Cuoco worked for Defendant BBB as a DM in its Newton, New Jersey store from in or about January 2012 through in or about March 2013.

48.     Thereafter, Plaintiff Cuoco worked for Defendant BBB as a DM in its Butler, New Jersey store from in or about March 2013 through in or about September 2013.

49.     Thereafter, Plaintiff Cuoco worked for Defendant BBB as a DM in its Bridgewater, New Jersey store from in or about June 2014 through in or about June 2015.

50.     Thereafter, Plaintiff Cuoco worked for Defendant BBB as a DM in its Watchung, New Jersey store from in or about June 2015 through in or about June 2016.

51.     Plaintiff Cuoco's primary duties as a DM did not include: hiring, firing, managing or disciplining other employees.

52.     Plaintiff Cuoco's duties as a DM did not differ substantially from the duties of normal hourly paid store employees, who also perform many of the responsibilities previously described.

53.     Plaintiff Cuoco did not exercise a meaningful degree of independent discretion with respect to the exercise of his duties as a DM.

54.     Consistent with Defendants' policy and pattern or practice, Plaintiff Cuoco regularly worked in excess of 40 hours per work week without being paid a legally required overtime rate of 1.5

times his regular rate of compensation for the hours he worked in excess of 40 per work week.

55.    Defendant knew that the improper payment of overtime pay would financially injure Plaintiff Cuoco and similarly situated employees and violate New Jersey state law.

56.    Throughout his employment with Defendant BBB as a DM and CSR, Plaintiff regularly worked in excess of 40 hours per week.

57.    As a DM in the Springfield, Newton, Butler, Bridgewater and Watchung stores, Plaintiff Cuoco was paid a base salary approximating $63,000 per year.

58.    As a DM, Defendant failed to pay Plaintiff Cuoco overtime pay at a rate of one and one-half times their regular rate for hours worked in excess of 40 hours during a workweek as required under New Jersey state law.

## CLASS ACTION ALLEGATIONS

59.    Plaintiffs bring this claim as a class action pursuant to Rule 32 of the New Jersey Rules of Court on behalf of a class, consisting of:

> All persons who work or worked in New Jersey as Department Managers, Customer Service Representatives and/or Assistant Store Managers for Defendant BBB at any time prior to two years prior to the filing of this action through the entry of judgment of this action (the "New Jersey Rule 23 Class") who worked over 40 hours per week and were not paid overtime pay at a rate of one and one-half times their regular rate of hours worked in excess of 40 hours during a work week.

60.    The persons in the New Jersey Rule 23 Class are so numerous that joinder of all members is impracticable. The exact number of the New Jersey Rule 23 Class members is unknown to Plaintiff at this time but there is believed to be over a hundred such persons. The identity of the New Jersey Rule 23 Class members is known to the Defendants and is contained in the employment records that the Defendants are required to create and maintain as a matter of state and federal law.

61.     Plaintiffs' claims are typical of the claims of the other members of the New Jersey Rule 23 Class as plaintiff and all other members of the New Jersey Rule 23 Class sustained damages arising out of defendants' conduct in violation of the New Jersey State laws complained of herein. The New Jersey Rule 23 Class members work, or have worked, for the Defendants in New Jersey as department managers and were improperly classified as exempt employees and not paid overtime wages by the Defendants. They have sustained similar types of damages as a result of Defendants' failure to comply with the NJWHL and supporting regulations of the New Jersey Department of Labor and Workplace Development contained in the New Jersey Administrative Code (NJAC).

62.     Plaintiffs will fairly and adequately protect the interests of the members of the New Jersey Rule 23 Class and has retained counsel competent and experienced in complex class action litigation.

63.     Plaintiffs have no interests that are contrary to or in conflict with those of the other members of the New Jersey Rule 23 Class.

64.     Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

65.     Common questions of law and fact exist as to all members of the New Jersey Rule 23 Class and predominate over any questions affecting solely individual members. Among the questions of law and fact common to the New Jersey Rule 23 Class are:

a.   Whether the NJWHL and the supporting regulations were violated by Defendants' acts as alleged herein;

b.   Whether Defendant failed to pay overtime wages to Plaintiffs and other New Jersey Rule 23 Class members for time worked in excess of 40 hours in a workweek as required

by   NJWHL,   <u>N.J.S.A.</u>,   34:11-56a4   and   <u>N.J.A.C.</u>,
12:56-6.1-6.7

c.   Whether the Defendants improperly classified Plaintiffs and
other New Jersey Rule 23 Class members as employees exempt
from the overtime pay requirements of the NJWHL and the
NJAC; and

d.   Whether Plaintiffs and the New Jersey Rule 23 Class have
sustained damages and, if so, the proper measure of such
damages

66.    Defendants have acted or have refused to act on grounds generally applicable to the
New Jersey Rule 23 Class, thereby making appropriate relief with respect to the New Jersey Rule
23 Class as a whole.

67.    A class action is superior to other available methods for the fair and efficient
adjudication of this controversy.   Since damages suffered by individual New Jersey Rule 23 Class
members may be relatively small, the expense and burden of individual litigation makes it virtually
impossible for Plaintiffs and New Jersey Rule 23 Class members to individually seek redress for
the wrongful conduct alleged.   Individual class members lack the financial resources to conduct a
thorough examination of defendants' compensation practices to prosecute vigorously a lawsuit
against the defendants to recover such damages.   Class litigation is superior because it will
obviate the need for unduly duplicative litigation.

## COUNT ONE

### VIOLATION OF THE NEW JERSEY WAGE AND HOUR LAW
### FAILURE TO PAY OVERTIME WAGES

68.     Plaintiffs re-allege and incorporate all previous paragraphs as if set forth at length herein.

69.     Pursuant to the NJWHL, N.J.S.A., 34:11-56.1, *et seq.*, Plaintiffs and all putative Class members are entitled to compensation at their regular rate for all hours actually worked.

70.     N.J.S.A., 34:11-56a4 provides in relevant part: "Every employer shall pay to each of his employees' wages at a rate of not less than …for 40 hours of working time in any week and **1 1/2 times such employee's regular hourly wage for each hour of working time in excess of 40 hours in any week, except this overtime rate shall not include any individual employed in a bona fide executive, administrative, or professional capacity…"**(emphasis added).

71.     Defendant BBB misclassified the Plaintiffs and all similarly situated employees as exempt when in fact they were non-exempt. Neither Plaintiffs nor the putative Class members qualify for exemptions under NJWHL. Thus, they are not exempt.

72.     By misclassifying the Plaintiffs and similarly situated employees as exempt from overtime, Defendant BBB unlawfully failed to pay Plaintiffs and the putative Class members for hours worked over forty (40) hours in a week for that respective period at a rate of 1 1/2 times such employee's regular hourly wage for each hour of working time in excess of 40 hours in any week.

73.     Through the use of its Fluctuating OT formula Defendant BBB unlawfully failed to pay Plaintiffs and the putative Class members for hours worked over forty (40) hours in a week for that respective period at a rate of 1 1/2 times such employee's regular hourly wage for each hour of working time in excess of 40 hours in any week.

74.     Defendant BBB's unlawful conduct has been widespread, repeated, and willful. Defendant knew or should have known that its policies and practices were unlawful and unfair.

75.     As a result of Defendant's violations of the NJWHL, Plaintiffs and others similarly situated have suffered damages by being denied pay for all of their hours worked, by being denied overtime wages in accordance with the NJWHL in amounts to be determined at trial, and are entitled to recovery of such amounts, prejudgment and post judgment interest, reasonably attorneys' fees and costs pursuant to the NJWHL.

## COUNT TWO

### VIOLATION OF THE NEW JERSEY WAGE AND HOUR LAW
### FAILURE TO PAY MINIMUM WAGES

1.     Plaintiffs re-allege and incorporate all previous paragraphs as if set forth at length herein.

2.     N.J.S.A., 34:11-56a states: "It is declared to be the public policy of this State to establish a minimum wage level for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency and well-being."

3.     Effective January 1, 2014, the minimum wage rate in New Jersey was $8.25 per hour.

4.     Effective January 1, 2015, the minimum wage rate in New Jersey was $8.38 per hour.

5.     For 2016, the minimum wage rate in New Jersey remained at $8.38 per hour.

6.      Through the use of its Fluctuating OT formula Defendant BBB unlawfully failed to pay Plaintiffs and the putative Class members minimum wages for hours worked over forty (40) hours in a week

7.      Defendant BBB's unlawful conduct has been widespread, repeated, and willful. Defendant knew or should have known that its policies and practices were unlawful and unfair.

8.      As a result of Defendant's violations of the NJWHL, Plaintiffs and others similarly situated have suffered damages by being denied pay for all of their hours worked, by being denied overtime wages in accordance with the NJWHL in amounts to be determined at trial, and are entitled to recovery of such amounts, prejudgment and post judgment interest, reasonably attorneys' fees and costs pursuant to the NJWHL.

## COUNT THREE

### UNJUST ENRICHMENT

1.      Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

2.      By misclassifying the Plaintiffs and similarly situated employees as exempt from overtime, Defendant BBB unlawfully failed to pay Plaintiffs and the putative Class members for hours worked over forty (40) hours in a week for that respective period at a rate of 1 1/2 times such employee's regular hourly wage for each hour of working time in excess of 40 hours in any week.

3.      Through the use of its Fluctuating OT formula Defendant BBB unlawfully failed to pay Plaintiffs and the putative Class members for hours worked over forty (40) hours in a week for that respective period at a rate of 1 1/2 times such employee's regular hourly wage for each hour of working time in excess of 40 hours in any week.

4.     Through the use of its Fluctuating OT formula Defendant BBB unlawfully failed to pay Plaintiffs and the putative Class members minimum wages for hours worked over forty (40) hours in a week

5.     By failing to pay Plaintiffs and the putative Class members for hours worked over forty (40) hours in a week for that respective period at a rate of 1 1/2 times such employee's regular hourly wage for each hour of working time in excess of 40 hours in any week, BBB has been unjustly enriched at the expense of, and to the detriment of, Plaintiff and the Class.

6.     By failing to pay Plaintiffs and the putative Class members minimum wages for hours worked over forty (40) hours in a week, BBB has been unjustly enriched at the expense of, and to the detriment of, Plaintiff and the Class.

7.     It would be inequitable for BBB to be permitted to retain the unpaid wages it avoided paying to Plaintiff and the Class from its wrongful misclassification of Plaintiffs and the Class as exempt from overtime and/or through the use of its Fluctuating OT formula, overtime wages at a rate of 1 1/2 times such employee's regular hourly wage for each hour of working time in excess of 40 hours in any week. Therefore, BBB should be compelled to disgorge to the Plaintiff and the Class all amounts it retained and received as a result of its wrongful and inequitable practices.

8.     It would be inequitable for BBB to be permitted to retain the unpaid wages it avoided paying to Plaintiff and the Class minimum wages for hours worked over forty (40) hours in a week. Therefore, BBB should be compelled to disgorge to the Plaintiff and the Class all amounts it retained and received as a result of its wrongful and inequitable practices.

## COUNT FOUR

## VIOLATION OF THE NEW JERSEY WAGE PAYMENT LAW

1.      Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

2.      The New Jersey Wage Payment Law (WPL) requires an employer to pay its employees all wages due under the New Jersey Wage and Hour Law (NJWHL)at least twice during a calendar month. N.J.S.A. 34:11-4.2.

3.      The WPL further states the following

It shall be unlawful for any employer to enter into or make any agreement with any employee for the payment of wages of any such employee otherwise than as provided in this act, except to pay wages at shorter intervals than as herein provided, or to pay wages in advance. Every agreement made in violation of this section shall be deemed to be null and void, and the penalties in this act provided may be enforced notwithstanding such agreement; and each and every employee with whom any agreement in violation of this section shall be made by any such employer, or the agent or agents thereof, shall have a right of civil action against any such employer for the full amount of his wages in any court of competent jurisdiction in this State.

N.J.S.A. 34:11-4.7.

4.      BBB claims to have had an agreement or understanding, express or implied, whereby it was mutually understood that BBB would pay employees under a Fluctuating Workweek formula a fixed salary regardless of the number of hours worked, and they would receive a fifty percent (50%) overtime premium in addition to the fixed weekly salary for all hours worked in excess of 40 during a workweek.

4.     By using its Fluctuating OT or FWW formula, Defendant BBB has violated the WPL by failing to pay Plaintiffs and the putative Class members for hours worked over forty (40) hours in a week for that respective period at a rate of 1 1/2 times such employee's regular hourly wage for each hour of working time in excess of 40 hours in any week.

5.     As a result of BBB unlawful actions, the Plaintiffs and the putative Class members have been damaged.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs Brent Carter, Robert Haynes and Kenneth Cuoco hereby demand judgment be entered against Bed Bath & Beyond, Inc., under all of the Counts of the Complaint as follows:

a.     Certifying this case as a class action in accordance with New Jersey Rule of Court R. 4:23-1 (Rule 23) with respect to the WPL, NJWHL claims set forth above;

b.     Declaring that Defendant Bed Bath & Beyond, Inc. violated its obligations under the WPL and NJWHL and its attendant regulations as set forth above;

c.     Certifying this matter to proceed as a class action;

d.     Granting judgment in favor of Plaintiffs and against Defendant Bed Bath & Beyond, Inc. and awarding the lost overtime compensation calculated at the rate of one and one-half (1.5) of Plaintiffs' regular rate multiplied by all hours that Plaintiffs worked in excess of forty (40) hours per week for the past three years;

e.      Judgment for Plaintiffs and the New Jersey Rule 23 Class members for all statutory, compensatory, liquidated and consequential damages, or any other damages authorized by law or equity, sustained as a result of defendant's unlawful conduct, as well as prejudgment and post judgment interest;

f.      An award to Plaintiffs and the New Jersey Rule 23 Class for their reasonable attorneys' fees, costs, including expert fees, and expenses authorized by law;

g.      Awarding reasonably attorney fees and costs incurred by Plaintiff's in filing this action; and

h.      Such further relief as this court deems appropriate.

Date:   March 07, 2017                     MASHEL LAW, L.L.C.
                                           Attorneys for Plaintiffs
                                           Brent Carter, Robert Haynes
                                           and Kenneth Cuoco


                                   By: _____
                                           STEPHAN T. MASHEL, ESQUIRE

                            **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues triable in this action.

## DESIGNATED TRIAL ATTORNEY

Stephan T. Mashel, Esquire is hereby designated as Plaintiff's trial attorney.

## CERTIFICATION

I hereby certify to the best of my personal knowledge that the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding, nor is any other action or arbitration contemplated, nor any other parties to be joined EXCEPT for the joinder of the true persons in interest whose names are identified herein as Defendants John Does 1-10 and XYZ Corporations 1-10.

Date:   March 07, 2017                     MASHEL LAW, L.L.C.
                                           Attorneys for Plaintiffs
                                           Brent Carter, Robert Haynes
                                           and Kenneth Cuoco


By: _____
        STEPHAN T. MASHEL, ESQUIRE

## NOTICE PROHIBITING SPOLIATION OF EVIDENCE

PLEASE TAKE NOTICE, a defendant's failure to prevent spoliation of evidence can result in severe sanctions being imposed by the Court. Furthermore, Defendants' obligations to preserve documents and things for discovery in this case arise in law and equity independent of any Order of court or notice from our office.  Defendants are hereby placed on notice not to destroy, conceal or alter any paper or electronic files and other data generated by and/or stored on computers and storage media (e.g., hard drives, hard disks, floppy disks, backup tapes, email accounts), or any other electronic data maintained by the named Defendants, such as surveillance or voice mail, that may be construed in any manner as potentially discoverable information in this litigation.

## <u>AS TO THE PRESERVATION OF</u><br><u>VIDEOS, SURVEILLANCE MATERIALS,</u><br><u>OUT-TAKES, PHOTOGRAPHS, ETC.:</u>

In accordance with the above request for the avoidance of spoliation of any evidence please be further guided by the following specific request for preservation.

(a)     All photographs, slides, videotapes, or audiotapes, transcripts, or memoranda thereof, and/or motion pictures, surveillance photographs/motion pictures, out-takes, tape recording, movies, visual, optical and/or audio and/or magnetic reproductions of descriptions of Plaintiffs purporting to depict Plaintiffs, Plaintiffs' activities, actions, speech, etc.

(b)     All photographs of the scene of the underlying occurrence.

(c)     The time records, records of amount of footage of film or videotape used; the type of equipment used to take, develop, and convert such film or videotape; the make and model of all equipment, lenses and range settings employed by Defendant(s) and/or Defendant('s)(s') photographers, investigators, and/or other used or associated in conjunction with the surveillance, tape recordings, etc., of Plaintiff and all memoranda pertaining thereto.

**NOTE:** If the Defendant(s) fails to preserve and/or otherwise disclose such surveillance materials (using the words generically), then Plaintiffs may:

(1)     Move at the trial to exclude all such surveillance and its by-products; and/or

(2)     Move to exclude/suppress all of Plaintiffs' deposition testimony relating to the improperly suppressed/undisclosed pre-deposition surveillance materials and its progeny; and/or

(3)     Seek other appropriate and equitable relief by reason of Defendant('s)(s') non-compliance.

Date:   March 07, 2017                    MASHEL LAW, L.L.C.
                                          Attorneys for Plaintiffs
                                          Brent Carter, Robert Haynes
                                          and Kenneth Cuoco


                              By: _____
                                     STEPHAN T. MASHEL, ESQUIRE