UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

DANYELL THOMAS, RASHAUN F. FRAZER,
ANDRAE WHALEY and ELENI MIGLIS,
individually and on behalf of all other employees
similarly situated

    Plaintiffs

             v.

BED BATH AND BEYOND, INC.

    Defendant.
-----------------------------------------------------------------------x

Civil Action No. 16-cv-8160

## DECLARATION OF DAWN MIHALEK

I, Dawn Mihalek, based on my personal knowledge of the facts stated herein, testify by Declaration as follows:

1. I am over the age of 18 and am otherwise competent to testify to the matters contained in this Declaration, and if so called, would testify to the facts below.

2. All of the statements in this Declaration are true and accurate to the best of my knowledge.

3. The facts set forth in this Declaration are based on my own personal knowledge of the stores where I have experience or worked. Since all Bed Bath and Beyond Inc. ("BBB") stores are different, my personal experiences and observations are limited to those stores.

4. I became employed by BBB in September 2010 as a Department Manager. In January 2012, I became an Assistant Store Manager and worked as both an Operations Manager and a Merchandise Assistant Manager. In January 2014, I was promoted to Store Manager and

managed Store 2 in Lawrence, New York until March 2015. In March 2015, I became a District Customer Service trainer and I currently serve in that role.

5. Eleni Miglis ("Miglis") was employed as an Assistant Store Manager in Store 2 during the entire time I served as Store Manager. Miglis was already employed as an Assistant Store Manager when I became Store Manager.

6. Store 2 is a high volume store. During the time I was Store Manager, there were three (3) Assistant Store Managers (including Miglis), five (5) Department Managers, and approximately 45–50 hourly associates.

7. In my experience, Assistant Store Managers understand very clearly what their responsibilities are. For example, only managers are permitted to address accountability issues in the store, supervisors cannot. Accountability is a very important aspect of an Assistant Store Manager's duties. Assistant Store Managers assist in running the store. When the Store Manager is not at the store, the Assistant Store Manager is in charge of the entire store. To the extent Miglis claims that she spent her time doing non-management work as an Assistant Store Manager at my store that is contrary to the requirements of her job and my expectations of her as an Assistant Store Manager.

8. Miglis understood what her job duties as an Assistant Store Manager required, but her performance as an Assistant Store Manager was average to below average.

9. Specifically, Miglis had management responsibilities that she *should* have been doing, but often made up excuses as to why her management duties were not done. I had several conversations with Miglis about her performance and the fact that she failed to address accountability issues in the store. Miglis would normally try to defer having these conversations with me or would deflect during the conversations by crying or making further excuses. After my

conversations with her, Miglis would improve for several days and after one (1) or two (2) weeks would go back to her old ways in failing to adequately perform as an Assistant Store Manager.

10. Miglis did not appropriately manage her time as an Assistant Store Manager. She gave the appearance that she was putting in a lot of effort, but often she was looking for excuses or reasons to not perform her management duties. In my opinion, Miglis's poor performance is related to her lack of maturity.

11. Miglis also violated store policy relating to key turn authorizations. Key turn authorizations are required for certain transactions at the register, such as when a customer returns an item of over $100. The "key turn" policy requires the associate on the register to obtain assistance from a manager to process the transaction. The manager must physically enter his/her key turn authorization number and turn his/her own key in the register. Instead of doing so, Miglis provided her key turn authorization number to another supervisor for that supervisor to enter without Miglis having to physically perform the key turn authorization herself. This is just one example of Miglis attempting to avoid her management duties.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5 day of April, 2017.

By: _____
Dawn Mihalek
District Customer Service Trainer
Bed Bath and Beyond Inc.