UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
                                         :

DANYELL THOMAS, RASHAUN F. FRAZER,     :
ANDRAE WHALEY and ELENI MIGLIS,
individually and on behalf of all other employees
similarly situated

     Plaintiffs
                                        :

               v.                  :     Civil Action No. 16-cv-8160
                                        :

BED BATH AND BEYOND, INC.          :

     Defendant.
                                        :
-------------------------------------------------------------------------x

### DECLARATION OF JUDY COHEN

     I, Judy Cohen, based on my personal knowledge of the facts stated herein, testify by Declaration as follows:

     1.    I am over the age of 18 and am otherwise competent to testify to the matters contained in this Declaration, and if so called, would testify to the facts below.

     2.    All of the statements in this Declaration are true and accurate to the best of my knowledge.

     3.    The facts set forth in this Declaration are based on my own personal knowledge and the stores in which I have experience. Because every Bed Bath and Beyond Inc. ("BBB") store is different, what I personally observed in these stores varies in many respects from other BBB stores.

     4.    I became employed by BBB in March 2005 as a District Human Resource Manager. In November 2005, I became a Regional Human Resources Director for the Northeast Region. The Northeast Region includes 77 stores in New York state (but not the stores in

Manhattan, the Bronx and part of Brooklyn which are in the New York City District), Connecticut, and three (3) stores in New Jersey. The Northeast Region also includes New Hampshire, Rhode Island Vermont, Maine and Massachusetts. There are currently 121 stores in my total Region.

5.      Department Managers are classified as non-exempt employees. They are eligible for, and receive, overtime pay. From 2011 – 2015, Department Managers' overtime compensation was calculated pursuant to the Fluctuating Workweek methodology ("FWW").

6.      In my Region, when hiring a Department Manager, we used Regional Recruiters or District Human Resources Managers when making external offers. The Regional Recruiters or District Human Resources Managers explained and described the FWW pay structure to the candidates. For the period 2011 – 2015, the stores in my Region in New York, Connecticut and New Jersey hired or promoted approximately 370 Department Managers.

7.      As part of the hiring process, Regional Recruiters or District Human Resources Managers had approximately 240 conversations with Department Manager candidates in New York, Connecticut and New Jersey relating to compensation from 2011 – 2015.

8.      Upon hire, Department Managers attended orientation where they were given an example paystub demonstrating the FWW calculation, along with a written acknowledgement form indicating that the Department Manager understood that he or she would be paid pursuant to the FWW method. All Department Managers in my Region signed and returned the acknowledgement form.

9.      During orientation, some Department Managers would have conversations with their trainers about BBB's use of the FWW.

2

10.     Upon completion of orientation, I would rarely receive feedback from Department Managers concerning how their compensation was calculated.

11.     For the period 2011 – 2015, I had approximately 10 of these follow up conversations concerning how a Department Manager's compensation was calculated.

12.     One of the Plaintiffs in this action, Eleni Miglis, worked in my stores during her time as an Assistant Store Manager.

13.     When Assistant Store Managers warn or discipline associates, they must do so in writing, and copies of the same are maintained in the personnel files of the associates that receive the warning or discipline. Attached hereto as Exhibit 1 are true and accurate copies of documents from various associates' personnel files of Miglis's warning and disciplining of associates.

14.     Assistant Store Managers are also required to complete performance reviews for the associates they supervise. Copies of these performance reviews are also maintained in the personnel files of the associates that receive the performance reviews. Attached hereto as Exhibit 2 are true and accurate copies from various associates' personnel files of performance reviews conducted by Miglis.

15.     Assistant Store Managers also assist in hiring and firing store associates. Copies of associate applications, reference checks, and documents relating to an associate's termination are maintained in the personnel files of the associate. Attached hereto as Exhibit 3 are true and accurate copies from various associates' personnel files of documents relating to Miglis' assistance in hiring and firing store associates.

16.     Assistant Store Managers complete self-evaluations. Copies of their self-evaluations are maintained in the Assistant Store Manager's personnel file. Attached hereto as Exhibit 4 are true and accurate copies of Miglis's self-evaluations.

3

17.     When Assistant Store Managers are disciplined or terminated, Store Managers usually document the discipline and a copy of the warning or discipline is maintained in the Assistant Store Manager's personnel file. Miglis was disciplined on more than one occasion, and ultimately terminated. True and accurate copies of discipline and termination related documents from Miglis's personnel file are attached hereto as Exhibit 5.


I declare under penalty of perjury that the foregoing is true and correct.

Executed this ⟋ day of April, 2017.

By: _____
Judy Cohen
Regional Human Resources Director
Bed Bath and Beyond Inc.

4