UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
                           :

DANYELL THOMAS, RASHAUN F. FRAZER,
ANDRAE WHALEY and ELENI MIGLIS, individually     :   Civil Action No. 16-cv-8160
and on behalf of all other employees similarly situated   :

      Plaintiffs                             :

v.                                          :

BED BATH AND BEYOND, INC.              :

      Defendant.                           :
------------------------------------------------------------------ x

### BED BATH & BEYOND INC.'S SUR-REPLY MEMORANDUM OF LAW IN FURTHER OPPOSITION TO PLAINTIFFS' MOTION FOR <u>CONDITIONAL COLLECTIVE CERTIFICATION</u>

GREENBERG TRAURIG, LLP
*Attorneys for Defendant*
*Bed Bath and Beyond Inc.*
200 Park Avenue
New York, New York 10166
212.801.9200

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................................... 1

ARGUMENT ......................................................................................................................... 3

     A.     Plaintiffs Have Not Established That A Group of Similarly Situated
           Assistant Store Managers Exists ........................................................................... 3

     B.     Plaintiffs Have Failed to Meet Their Burden for the Department Manager
           Class ...................................................................................................................... 6

CONCLUSION ...................................................................................................................... 8

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ahmed v. T.J. Maxx Corp.*,
  103 F. Supp. 3d 343, 357 (E.D.N.Y. 2015) ..............................................................5

*Bahr v. PNW Enters., LLC*,
  No. 16–1223-PKC, 2017 WL 816140 (S.D.N.Y. March 1, 2017) ...........................8

*Brown v. Barnes & Noble, Inc.*,
  No. 16CV07333RAKHP, 2017 WL 1653576 (S.D.N.Y. May 2, 2017) ............................5, 6

*Sanchez v. JMP Ventures, L.L.C.*,
  No. 13-cv-7264 (KBF), 2014 WL 465542 (S.D.N.Y. Jan. 27, 2014)......................8

**Statutes**

Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*........................................................7

**Other Authorities**

Rule of Professional Conduct 3.7 ..................................................................................5

Rule 23 ...........................................................................................................................6

## <u>INTRODUCTION</u>

Bed Bath and Beyond Inc. ("BBB" or the "Company") respectfully submits this Sur-Reply Memorandum in furtherance of its Opposition to Plaintiffs' Motion for Conditional Collective Certification. As shown in BBB's Opposition and below, the motion should be denied.

BBB previously demonstrated why Plaintiffs had failed to meet their burden because they produced declarations covering only two stores for the Department Managers ("DMs") (both in New York City) and only five stores for the Assistant Store Managers ("ASMs") (all in New York City and Long Island).

Lacking any answer, Plaintiffs' reply brief abandons reliance upon the arguments and declarations they originally asked this Court to consider in support of their motion. Rather than argue in support of why they have met their burden in that the named Plaintiffs and original declarants are similarly situated to members of the putative collective class Plaintiffs asked to be conditionally certified, they now ask this Court to consider new facts from new declarants. Certainly, Plaintiffs' tactics concede their initial papers do not carry their burden.

Even if Plaintiffs' last minute attempt to interject new facts in support of their motion were to be countenanced, they still fail to meet their burden for conditional collective certification.

First, these "new" declarants all suffer from the same deficiencies as the original declarants—they worked in the same slice of New York and testify solely to their own personal experiences. Yet, Plaintiffs continue to seek Court mandated notice to over 600 DMs in the tri-state area and approximately 4,000 ASMs in hundreds of stores across the country.

Second, the testimony of opt-in Plaintiffs who, in addition to New York City stores, worked for a period of time in stores in Michigan, Georgia, and Florida is a red herring—the

declarations submitted by these Plaintiffs evidence nothing about the work experiences of ASMs in these stores.

Indeed, none of the declarants testify to working in Florida stores. Instead, Plaintiffs' counsel submitted her own declaration stating that an opt-in Plaintiff, Andrew Certoma (who also primarily worked in New York stores) worked in Florida as a DM and ASM from September 2007-April 2012.[1] Plaintiffs have not submitted a declaration from Mr. Certoma himself or any facts relating to Mr. Certoma's alleged experience working in BBB stores in Florida. Plaintiffs simply reference the fact that an opt-in Plaintiff previously worked in a different geographic region *outside the statute of limitations*, adding nothing of substance.

Similarly, Plaintiffs submit a declaration from opt-in Plaintiff Bryan LaForest who allegedly worked *as a Department Manager* in two of BBB's Michigan stores from October 2007 to early May 2008. Not only are allegations relating to Mr. LaForest's experiences in Michigan also time-barred, they are irrelevant where Plaintiffs do not seek to certify the DM class beyond the tri-state area. The same is true of opt-in Plaintiff Radica Kutwaru, who testifies that she worked in a Georgia store for approximately one month as *a Department Manager* in 2013 before transferring back to Store 42 in New York City where she was later promoted to an ASM.

Because none of the opt-in Plaintiffs who provided new declarations provide evidence that similarly situated individuals exist in any other stores in any other cities or states, Plaintiffs' motion should be denied.

---

[1] We move separately to strike that declaration.

## ARGUMENT

**A.      Plaintiffs Have Not Established That A Group of Similarly Situated Assistant Store Managers Exists**

As BBB pointed out in Opposition, the documentary evidence and testimony of BBB's declarants establish that the Company properly classified its ASMs as exempt. Like the ASM Opt-ins who submitted declarations in support of Plaintiffs' initial filing, the new ASM declarants here also functioned as exempt managers. For example[2]:

- On April 26, 2016, opt-in Plaintiff Radica Kutwaru completed a performance review of a store associate.

- On May 3, 2016, opt-in Plaintiff Radica Kutwaru issued a written warning to an associate for tardiness and absence issues.

- On May 7, 2016, opt-in Plaintiff Radica Kutwaru issued a written warning to an associate for reporting to work late on more than one occasion.

- On June 30, 2016, opt-in Plaintiff Radica Kutwaru completed a performance review of a store associate.

- On July 10, 2016, opt-in Plaintiff Radica Kutwaru issued a written warning to an associate for reporting to work late on more than one occasion.

- On August 7, 2016, opt-in Plaintiff Bryan LaForest completed a progress report review of an associate and on August 23, 2016, LaForest signed the associate's termination notice.

- On October 22, 2016, opt-in Plaintiff Bryan LaForest issued a written warning to an associate for performance issues.

- On November 12, 2016, opt-in Plaintiff Bryan LaForest issued a warning to an associate for lying on his timesheet and on February 7, 2017, LaForest signed the associate's termination notice.

- On February 6, 2017, opt-in Plaintiff Bryan LaForest issued a warning to an associate for reporting to work late on more than one occasion.

---

[2] To protect their privacy, names of the individual associates interviewed, disciplined, or reviewed by Kutwaru and LaForest have been omitted from this Memorandum of Law and redacted from exhibits accompanying BBB's supplemental declarations. BBB will promptly provide the Court with non-redacted exhibits for an in camera review if the Court so desires. BBB will also provide Plaintiffs' counsel with non-redacted exhibits upon entry of an appropriate confidentiality order.

- On February 7, 2017, opt-in Plaintiff Radica Kutwaru completed a performance review of a store associate.

- On February 13, 2017, opt-in Plaintiff Radica Kutwaru completed a performance review of a store associate.

- On March 1, 2017, opt-in Plaintiff Bryan LaForest issued a warning to an associate for accepting returns of items without a receipt.

- On April 3, 2017, opt-in Plaintiff Bryan LaForest completed a performance review of a store associate.

*See* Supplemental Declaration of Lauren Alvarez ("Supplemental Alvarez Dec."), at ¶ 5, Exhibit 1; Supplemental Declaration of Judy Cohen ("Supplemental Cohen Dec."), at ¶ 5, Exhibit 1.

But, even assuming the opt-in ASM Plaintiffs in their discretion primarily performed non-exempt tasks[3]—which the dozens of documented examples of their acting as exempt managers stand against—their personal experiences are still insufficient to demonstrate that nearly 4,000 other ASMs across more than 850 stores also performed the same allegedly non-exempt duties to the same degree. Whether any of the nearly 4,000 putative class members were misclassified is an issue that can only be determined through an individualized inquiry that is not susceptible to class-wide proof.

Plaintiffs characterize the wide variety of differences person-to-person and store-to-store as being "superficial" because Plaintiffs need not be "clones of one another" to be considered similarly situated. (Reply, pp. 11-12). However, "[w]hile Plaintiffs are not required to establish that [ASMs] in every single store performed primarily non-exempt duties, they must provide some evidence from which the Court can infer that they and the other potential members of the

---

[3] Also like the ASM Plaintiffs who submitted declarations, the new ASM opt-in Plaintiffs were either given poor performance reviews or were constantly warned and disciplined for performance issues relating to managerial duties they were expected to exercise. For example, one of Bryan LaForest's reviews indicated that he "sometimes struggles with day to day functions of being a senior manager." (*See* Supplemental Cohen Dec., ¶ 6, Exhibit 2). On June 6, 2016, Guy-Robert Desir was disciplined for his performance in failing to ensure that associates' work schedules permitted them to take a lunch break. (*See* Supplemental Cohen Dec., ¶ 7, Exhibit 3). For additional examples of issues relating to the opt-in ASM Plaintiffs' poor performance, *see* Supplemental Cohen Dec., ¶ 7, Exhibit 3.

collective [action] together were victims of a common policy or plan that violated the law." *Brown v. Barnes & Noble, Inc.*, No. 16CV07333RAKHP, 2017 WL 1653576, at *9 (S.D.N.Y. May 2, 2017) (citation omitted).

Moreover, *none* of the opt-in ASM Plaintiffs worked as ASMs in *any* stores outside the New York City area. Opt-in Plaintiff Radica Kutwaru worked as an ASM in Manhattan (in the same store as ASM Plaintiff Caraballo); opt-in Plaintiff Bryan LaForest worked as an ASM in stores in Manhattan and Brooklyn; and opt-in Plaintiff Guy-Robert Desir worked as an ASM in Queens.

Plaintiffs continue to seek notice reaching across the country and outside of New York, but they have failed to provide any evidentiary support for doing so. A handful of declarations from a handful of ASM Plaintiffs—all of whom worked in a handful of New York City area stores—is insufficient to justify notice here.[4] *See Ahmed v. T.J. Maxx Corp.*, 103 F. Supp. 3d 343, 357 (E.D.N.Y. 2015) and other cases cited at p. 2 of our Opposition.

In Plaintiffs' unfocused effort to incorporate individuals who worked in different states, they compile a hodge-podge of facts relating to periods of time in which opt-in Plaintiffs Kutwaru and LaForest worked in Georgia and Michigan. Putting aside the fact that Kutwaru worked in Georgia for merely one month and LaForest worked in Michigan a decade ago, the opt-in Plaintiffs worked *as Department Managers* in these stores and their declarations can have no bearing on the personal experiences of *Assistant Store Managers* in these locations. Plaintiffs' counsel's inadmissible declaration referencing an opt-in Plaintiff who once worked in Florida adds no new meaningful information and raises issues under Rule of Professional Conduct 3.7

---

[4] Plaintiffs' failure to have discoverable information is a problem of their own creation. This Court held an initial pre-trial conference *four* months ago on January 13, 2017, and Plaintiffs failed to serve *any* discovery demands on BBB prior to the May 1, 2017 deadline for doing so.

that Plaintiffs would have to confront in a future Rule 23 motion as part of the adequacy of representation prong, if this case ever gets that far.

Following the same cookie cutter form of Miglis and Caraballo's declarations submitted in support of their initial motion, the opt-in ASM Plaintiffs' declarations contain no allegations of any conversations they had with other ASMs in any of the stores in which they worked or the stores in Georgia and Michigan about their job duties and responsibilities. The failure to provide any detail surrounding ASMs in these other locations underscores that Plaintiffs cannot demonstrate that ASMs elsewhere are similarly situated. *See Brown*, 2017 WL 1653576, at *8 ("The Court notes that in some of the Plaintiffs' cookie-cutter declarations, they assert that they are aware of other [Café Managers] who primarily performed non-exempt duties because of their observations and discussions with other [Café Managers]. Plaintiffs, however, fail to provide any details about these observations or conversations, including when they occurred, how often they occurred, or the sum and substance of what was discussed or observed. ***Thus, these references to others do not support Plaintiffs' contention that they are similarly situated to other [Café Managers] nationwide***." (emphasis added)) (citing *Sanchez v. JMP Ventures, L.L.C.*, No. 13-cv-7264 (KBF), 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014).

**B.    Plaintiffs Have Failed to Meet Their Burden for the Department Manager Class**

Plaintiffs do not dispute that BBB may utilize the FLSA's well-established Fluctuating Workweek ("FWW") methodology to calculate and pay overtime. Rather than address BBB's arguments that the declarants all seemingly misunderstood their pay arrangements despite signing clear documents to the contrary, Plaintiffs submit more cookie cutter declarations asserting the very same thing—no one told me that my weekly salary would be paid regardless of the number of hours worked. However, and to the contrary, BBB's supplemental declarations

prove that the opt-in DMs—like the original DM Plaintiffs—received documents specifying the way they were being paid. (*See* Supplemental Alvarez Dec., ¶¶ 6-7, Exhibits 2-7; Supplemental Cohen Dec., ¶¶ 8-9, Exhibits 4 and 5).

Moreover, to the extent the opt-in DM Plaintiffs actually misunderstood their pay arrangements, that misunderstanding can only be established through individualized inquiries— by asking how and why a particular DM formed an understanding of her or his pay that is diametrically at odds with documents they received and signed.

In failing to address these individualized inquiries, Plaintiffs fail to offer any explanation as to how they would prove a lack of understanding in a collective action at trial on behalf of 600+ DMs across three states, particularly where their own declarants recount varying stories on how they came to learn of their pay arrangements.

Plaintiffs also neglect to provide testimony from DM Plaintiffs outside of the NYC area to justify notice to over 600 DMs across the entire tri-state area. Opt-in Plaintiffs Radica Kutwaru, Byron Ramon Villacres, and Elizabeth Padilla all worked as DMs in the same two NYC stores (Stores 42 and 361) as the named Plaintiffs. Opt-in Plaintiff Byron Ramon Villacres also worked as a Department Manager in one other Manhattan store. The final opt-in Plaintiff Guy-Robert Desir—whose declaration is borderline illegible—worked as a DM in one store in Long Island.[5]

In sum, Plaintiffs' declarations from opt-in DM Plaintiffs who worked at just two additional stores—all of which are in the same greater New York City area—provides no basis for concluding that there are similarly situated Department Managers in over 100 stores in three

---

[5] Opt-in Plaintiff Bryan LaForest alleges that he worked as a DM until July 2013 when he was promoted to ASM. *See* Declaration of Bryan LaForest, ¶ 40. Because he filed his opt-in consent form on April 26, 2017, factual allegations relating to any time worked as a DM are outside the applicable limitations period under 216(b) of the FLSA.

states. For these reasons, Plaintiffs' motion must be denied. *See Pret a Manger (USA) Ltd.*, 962

F. Supp. 2d at 558 (quoting *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 662 (S.D.N.Y. 2013));

*see also, Bahr v. PNW Enters., LLC*, No. 16–1223-PKC, 2017 WL 816140, at *2 (S.D.N.Y.

March 1, 2017); *Sanchez*, 2014 WL 465542, at *2.

## CONCLUSION

For the foregoing reasons, and as set forth in our Opposition, this Court should deny

Plaintiffs' Motion for Conditional Collective Certification in its entirety.


Dated: May 12, 2017                          Respectfully submitted,

                                             BED BATH & BEYOND INC.

                                             /s/ Jonathan L. Sulds
Justin F. Keith                              Jonathan L. Sulds
Greenberg Traurig                            Greenberg Traurig, LLP
One International Place                       MetLife Building
Boston, MA 02110                             200 Park Avenue, 34th Floor
Telephone: 617.310.6230                      New York, NY 10166
Fax: 617.897.0930                            Telephone: 212.801.9200
keithj@gtlaw.com                             Fax: 212.801.6400
                                             suldsj@gtlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
                                                        :

DANYELL THOMAS, RASHAUN F. FRAZER,
ANDRAE WHALEY and ELENI MIGLIS, individually   :   Civil Action No. 16-cv-8160
and on behalf of all other employees similarly situated

     Plaintiffs

  v.

  BED BATH AND BEYOND, INC.

     Defendant.
------------------------------------------------------------------- x

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on May 12, 2017 a true copy of the above document was served upon the attorney of record for each other party by ECF filing.

Dated: May 12, 2017

New York, New York

                                   /s/ Jonathan L. Sulds
                                   Jonathan L. Sulds
                                   Greenberg Traurig, LLP
                                   MetLife Building
                                   200 Park Avenue, 34th Floor
                                   New York, NY 10166
                                   Telephone: 212.801.9200
                                   Fax: 212.801.6400
                                   suldsj@gtlaw.com

*NY 246524971v13*