UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x
                                               :

DANYELL THOMAS, RASHAUN F. FRAZER,    :
ANDRAE WHALEY, ELENI MIGLIS, CHERYL
A. STRYCHARZ and DANIELLE BROWN,
individually and on behalf of all other employees
similarly situated,

                  Plaintiffs,

                                       :

                  v.                       :      Civil Action No. 16-cv-8160

                                         :

BED BATH AND BEYOND, INC.,          :

                  Defendant.

                                         :
------------------------------------------------------------------------- x

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant Bed Bath & Beyond Inc. ("Defendant"), by and through its undersigned counsel, hereby answers the Second Amended Complaint ("Complaint") herein as follows:

## Introduction

1.     Defendant states that this introductory paragraph describes the alleged nature of this action, to which no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies such allegations.

2.     Defendant denies the allegations contained in paragraph 2 of the Complaint.

3.      Defendant admits that its Department Managers are classified as non-exempt employees and receive overtime pay under applicable state and federal law, otherwise denied.

4.      Defendant denies the allegations contained in paragraph 4 of the Complaint.

5.      Defendant denies the allegations contained in paragraph 5 of the Complaint.

6.      Defendant states that paragraph 6 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 6 of the Complaint.

7.      Defendant denies the allegations contained in paragraph 7 of the Complaint.

8.      Defendant denies the allegations contained in paragraph 8 of the Complaint.

9.      Defendant denies the allegations contained in paragraph 9 of the Complaint.

10.     Defendant denies the allegations contained in paragraph 10 of the Complaint.

11.     Defendant denies the allegations contained in paragraph 11 of the Complaint.

12.     Defendant denies the allegations contained in paragraph 12 of the Complaint.

13.     Defendant admits that it paid holiday pay, but denies the remaining factual allegations contained in paragraph 13 of the Complaint.

14.     Defendant admits that it had a referral bonus program, but denies the remaining factual allegations contained in paragraph 14 of the Complaint.

15.     Defendant denies the allegations contained in paragraph 15 of the Complaint.

16.     Defendant denies the allegations contained in paragraph 16 of the Complaint.

17.     Defendant states that paragraph 17 describes the alleged nature of this action, to which no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies such allegations.

18.     Defendant states that paragraph 18 describes the alleged nature of this action, to which no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies such allegations.

## Jurisdiction and Venue

19.     Defendant states that paragraph 19 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative

defenses, Defendant denies the allegations contained in paragraph 19 of the Complaint.

20.     Defendant states that paragraph 20 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 20 of the Complaint.

21.     Defendant denies the allegations contained in paragraph 21 of the Complaint.

22.     Defendant admits the allegations contained in paragraph 22 of the Complaint.

23.     The allegations contained in paragraph 23 are vague and ambiguous, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 23 of the Complaint.

24.     Defendant admits the allegations contained in paragraph 24 of the Complaint with respect to the citizenship of members of the proposed Assistant Store Manager class, and otherwise denies the remaining allegations contained in paragraph 24 of the Complaint.

25.     Defendant states that paragraph 25 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative

defenses, Defendant denies the allegations contained in paragraph 25 of the Complaint.

26.     Defendant states that paragraph 26 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 26 of the Complaint.

27.     Defendant states that paragraph 27 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 27 of the Complaint.

## Plaintiffs

28.     Defendant states that Plaintiff Danyell Thomas ("Thomas") was employed by Defendant from December 7, 2009 until May 11, 2015. Defendant is without sufficient information to admit or deny the allegations concerning Plaintiff Thomas' residency. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 28 of the Complaint.

29.     Defendant states that Plaintiff Rashaun F. Frazer ("Frazer") was employed by Defendant from October 31, 2011 to January 12, 2015. Defendant is without sufficient information to admit or deny the allegations concerning Plaintiff Frazer's residency. To the extent this paragraph contains any factual allegations

inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 29 of the Complaint.

30.     Defendant states that Plaintiff Andrae Whaley ("Whaley") was employed by Defendant from July 8, 2011 to July 22, 2016. Defendant is without sufficient information to admit or deny the allegations concerning Plaintiff Whaley's residency.  To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 30 of the Complaint.

31.     Defendant states that Plaintiff Eleni Miglis ("Miglis") was employed by Defendant from February 25, 2008 until March 19, 2015. Defendant is without sufficient information to admit or deny the allegations concerning Plaintiff Miglis' residency.  To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 31 of the Complaint.

32.     Defendant states that Plaintiff Cheryl Strycharz ("Strycharz") was employed by Defendant from June 27, 2005 to July 20, 2012. Defendant is without sufficient information to admit or deny the allegations concerning Plaintiff Strycharz's residency. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 32 of the Complaint.

33.     Defendant states that Plaintiff Danielle Brown ("Brown") was employed by Defendant from November 27, 2006 to July 19, 2012. Defendant is

without sufficient information to admit or deny the allegations concerning Plaintiff Brown's residency. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 33 of the Complaint.

## Defendant

34.    Defendant admits the allegations contained in paragraph 34 of the Complaint.

35.    Defendant admits the allegations contained in paragraph 35 of the Complaint.

36.    Defendant states that paragraph 36 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 36 of the Complaint.

37.    The allegations contained in paragraph 37 are vague and ambiguous, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 37 of the Complaint.

38.    Defendant denies the allegations contained in paragraph 38 of the Complaint.

39.    Defendant is without sufficient information to admit or deny the allegations contained in paragraph 39 of the Complaint. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any

affirmative defenses, Defendant denies the allegations contained in paragraph 39 of the Complaint.

## Statement of Facts

40.     Defendant denies the allegations contained in paragraph 40 of the Complaint.

### Facts Applicable to All Plaintiffs Worked as DM

41.     Defendant admits that Plaintiffs performed some of the duties listed in paragraph 41 of the Complaint, but denies that they "regularly" performed said duties.

42.     Defendant denies the allegations contained in paragraph 42 of the Complaint.

43.     Defendant denies the allegations contained in paragraph 43 of the Complaint.

44.     Defendant denies the allegations contained in paragraph 44 of the Complaint.

45.     Defendant denies the allegations contained in paragraph 45 of the Complaint.

46.     Defendant denies the allegations contained in paragraph 46 of the Complaint.

### Facts for Individual Plaintiffs Worked as DM

### Plaintiff Thomas

47.     Defendant states that Plaintiff Thomas was employed by Defendant from December 7, 2009 until May 11, 2015. To the extent this paragraph contains

any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 47 of the Complaint.

48.     Defendant admits that Plaintiff Thomas typically worked five days per week, otherwise denied.

49.     Defendant states that Plaintiff Thomas' work hours varied from week to week, otherwise denied.

50.     The allegations contained in paragraph 50 are vague and ambiguous, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 50 of the Complaint.

51.     Defendant admits that Plaintiff Thomas' starting base salary was approximately $52,000 which later increased to approximately $54,000. Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 51 of the Complaint. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 51 of the Complaint.

*Plaintiff Frazer*

52.     Defendant states that Plaintiff Frazer was employed by Defendant from October 31, 2011 to January 12, 2015. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 52 of the Complaint.

53.     Defendant admits that Plaintiff Frazer typically worked five days per week, otherwise denied.

54.     Defendant states that Plaintiff Frazer's work hours varied from week to week, otherwise denied.

55.     Defendant admits that Plaintiff Frazer's starting base salary was approximately $52,000 which later increased to approximately $54,000. Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 55 of the Complaint. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 55 of the Complaint.

*Plaintiff Whaley*

56.     Defendant states that Plaintiff Whaley was employed by Defendant from July 8, 2011 to July 22, 2016. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 56 of the Complaint.

57.     Defendant admits that Plaintiff Whaley typically worked five days per week, otherwise denied.

58.     Defendant states that Plaintiff Whaley's work hours varied from week to week, otherwise denied.

59.     Defendant admits that Plaintiff Whaley's starting base salary was approximately $57,000 which later increased to approximately $60,000. Defendant is without sufficient information to admit or deny the remaining allegations

10

contained in paragraph 59 of the Complaint. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 59 of the Complaint.

*Plaintiff Strycharz*

60.     Defendant states that Plaintiff Strycharz was employed by Defendant from June 27, 2005 to July 20, 2012. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 60 of the Complaint.

61.     Defendant admits that Plaintiff Strycharz typically worked five days per week, otherwise denied.

62.     Defendant states that Plaintiff Strycharz's starting base salary was approximately $56,000. Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 62 of the Complaint. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 62 of the Complaint.

*Plaintiff Brown*

63.     Defendant states that Plaintiff Brown was employed by Defendant from November 27, 2006 to July 19, 2012. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 63 of the Complaint.

64.     Defendant admits that Plaintiff Brown typically worked five days per week, otherwise denied.

65.     Defendant states that Plaintiff Brown's starting base salary was approximately $43,000. Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 65 of the Complaint. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 65 of the Complaint

*Facts for Individual Plaintiff Worked as AM*

*Plaintiff Eleni Miglis*

66.     Defendant states that Plaintiff Miglis was employed by Defendant from February 25, 2008 until March 19, 2015. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 66 of the Complaint.

67.     Defendant denies the allegations contained in paragraph 67 of the Complaint.

68.     Defendant admits that Plaintiff Miglis typically worked five days per week, otherwise denied.

69.     Defendant states that Plaintiff Miglis' work hours varied from week to week, otherwise denied.

70.     Defendant denies the allegations contained in paragraph 70 of the Complaint.

71.     Defendant denies the allegations contained in paragraph 71 of the Complaint.

72.     Defendant denies the allegations contained in paragraph 72 of the Complaint.

73.     Defendant denies the allegations contained in paragraph 73 of the Complaint.

74.     Defendant denies the allegations contained in paragraph 74 of the Complaint.

75.     Defendant denies the allegations contained in paragraph 75 of the Complaint.

76.     Defendant denies the allegations contained in paragraph 76 of the Complaint.

77.     Defendant denies the allegations contained in paragraph 77 of the Complaint.

78.     Defendant denies the allegations contained in paragraph 78 of the Complaint.

## Collective Action Allegations

79.     Defendant states that paragraph 79 describes the alleged nature of this action, to which no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 79 of the Complaint.

80.     Defendant denies the allegations contained in paragraph 80 of the Complaint.

81.     Defendant denies the allegations contained in paragraph 81 of the Complaint.

82.     Defendant denies the allegations contained in paragraph 82 of the Complaint.

83.     Defendant denies the allegations contained in paragraph 83 of the Complaint.

84.     Defendant denies the allegations contained in paragraph 84 of the Complaint.

85.     Defendant denies the allegations contained in paragraph 85 of the Complaint.

86.     Defendant denies the allegations contained in paragraph 86 of the Complaint.

87.     Defendant denies the allegations contained in paragraph 87 of the Complaint.

88.     Defendant denies the allegations contained in paragraph 88 of the Complaint.

89.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 89 of the Complaint. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 89 of the Complaint.

90.     Defendant denies the allegations contained in paragraph 90 of the Complaint.

## Class Action Allegations

91.     Defendant states that paragraph 91 describes the alleged nature of this action, to which no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 91 of the Complaint.

92.     Defendant denies the allegations contained in paragraph 92 of the Complaint.

93.     Defendant denies the allegations contained in paragraph 93 of the Complaint.

94.     Defendant denies the allegations contained in paragraph 94 of the Complaint.

95.     Defendant denies the allegations contained in paragraph 95 of the Complaint.

96.     Defendant denies the allegations contained in paragraph 96 of the Complaint.

97.     Defendant denies that it "implement [an] unlawful wage and hour practice." Further answering, Defendant states that it is without sufficient information to admit or deny the allegations contained in paragraph 97 of the Complaint. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 97 of the Complaint.

98.     Defendant denies the allegations contained in paragraph 98 of the Complaint.

## Statement of Claim

### Count I
### [Violations of the Fair Labor Standards Act – Overtime Wage
### Brought on Behalf of the Plaintiffs and the FSLA Collective]

99.     Defendant incorporates by reference its responses to paragraphs 1–98.

100.    Defendant states that paragraph 100 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies all allegations contained in paragraph 100 of the Complaint.

101.    Defendant states that paragraph 101 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies all allegations contained in paragraph 101 of the Complaint.

102.    Defendant denies the allegations contained in paragraph 102 of the Complaint.

103.    Defendant denies the allegations contained in paragraph 103 of the Complaint.

104.    Defendant denies the allegations contained in paragraph 104 of the Complaint.

105.     Defendant states that paragraph 105 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 105 of the Complaint.

106.     Defendant denies the allegations contained in paragraph 106 of the Complaint.

107.     Defendant denies the allegations contained in paragraph 107 of the Complaint.

### Count II
#### [Violation of New York Labor Law – Overtime Pay
#### Brought on Behalf of Plaintiff and the Rule 23 Class]

108.     Defendant incorporates by reference its responses to paragraphs 1–107.

109.     Defendant states that paragraph 109 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 109 of the Complaint.

110.     Defendant denies the allegations contained in paragraph 110 of the Complaint.

111.     Defendant denies the allegations contained in paragraph 111 of the Complaint.

## Count III
### [Violation of New York Labor Law – Time of Hire Wage Notice Requirement]

112.   Defendant incorporates by reference its responses to paragraphs 1–111.

113.   Defendant states that paragraph 113 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies the allegations contained in paragraph 113 of the Complaint.

114.   Defendant denies the allegations contained in paragraph 114 of the Complaint.

115.   Defendant denies the allegations contained in paragraph 115 of the Complaint.

116.   Defendant denies the allegations contained in paragraph 116 of the Complaint.

## Count IV
### [Violation of New York Labor Law-New York Pay Stub Requirement]

117.   Defendant incorporates by reference its responses to paragraphs 1–116.

118.   Defendant states that paragraph 118 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative

defenses, Defendant denies the allegations contained in paragraph 118 of the Complaint.

119.   Defendant denies the allegations contained in paragraph 119 of the Complaint.

120.   Defendant denies the allegations contained in paragraph 120 of the Complaint.

## Prayer for Relief

Defendant states that the remaining paragraphs of the Complaint set forth prayers for relief, not allegations of fact, such that no response is required. To the extent these paragraphs contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendant denies such allegations.

### First Affirmative Defense

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs' claims are barred in whole or in part because Defendant has complied with all applicable statutes and regulations, including without limitation the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. and the New York Labor Law Article 19, §§ 650 *et seq*.

### Third Affirmative Defense

Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitation.

### Fourth Affirmative Defense

Plaintiffs' claims are barred in whole or in part because Defendant had reasonable grounds to believe in good faith that it was not violating the FLSA or the NYLL.

### Fifth Affirmative Defense

Plaintiffs' claims are barred in whole or in part because Defendant's alleged violations or actions were not intentional or willful.

### Sixth Affirmative Defense

Plaintiffs' claims are barred in whole or in part because Plaintiffs were properly compensated pursuant to the NYLL, the FLSA, and applicable regulations, including but not limited to 29 C.F.R. §778.114 and 29 C.F.R. part 541.

### Seventh Affirmative Defense

Plaintiffs' claims are barred in whole or in part because Plaintiffs lack standing and/or are not "similarly situated" to any of the putative class members.

### Eighth Affirmative Defense

Plaintiffs' claims are barred in whole or in part by the doctrines of laches, unclean hands, and avoidable consequences.

### Ninth Affirmative Defense

Plaintiffs' claims are not suited for class or collective status, because Plaintiffs lack adequate class or collective action counsel.

**Tenth Affirmative Defense**

Plaintiffs' claims are not suited for class or collective status, because Plaintiffs cannot adequately represent the putative class or collective group.


Dated: July 12, 2017


Respectfully submitted,


BED BATH & BEYOND INC.


/s/ Jonathan L. Sulds
Jonathan L. Sulds
Greenberg Traurig, LLP
MetLife Building
200 Park Avenue, 34th Floor
New York, NY 10166
Telephone: 212.801.9200
Fax: 212.801.6400
suldsj@gtlaw.com

And

/s/ Justin F. Keith
Justin F. Keith
Greenberg Traurig
One International Place
Boston, MA 02110
Telephone: 617.310.6230
Fax: 617.897.0930
keithj@gtlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x
                                               :

DANYELL THOMAS, RASHAUN F. FRAZER,      :
ANDRAE WHALEY, ELENI MIGLIS, CHERYL
A. STRYCHARZ and DANIELLE BROWN,
individually and on behalf of all other employees
similarly situated,

                 Plaintiffs,

                                               :

                   v.                        :       Civil Action No. 16-cv-8160

                                               :

BED BATH AND BEYOND, INC.,               :

                   Defendant.

                                               :
------------------------------------------------------------------------- x

## <u>CERTIFICATE OF SERVICE</u>

        I hereby certify that on July 12, 2017 a true copy of the above document was
served upon the attorneys of record for each other party by ECF filing.

Dated: July 12, 2017

        New York, New York

                                  Respectfully submitted,

                                  /s/ Justin F. Keith
                                  Justin F. Keith
                                  Greenberg Traurig
                                  One International Place
                                  Boston, MA 02110
                                  Telephone: 617.310.6230
                                  Fax: 617.897.0930
                                  keithj@gtlaw.com

                                  *Attorneys for Defendant*
                                  *Bed Bath & Beyond Inc.*