UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANYELL THOMAS, RASHAUN F. FRAZER, ANDRAE WHALEY, AND ELENI MIGLIS, INDIVIDUALLY AND ON BEHALF OF ALL OTHER EMPLOYEES SIMILARLY SITUATED

                              Plaintiffs,

- against -

BED BATH AND BEYOND, INC.,

                              Defendants.

Case No. 1:16-cv-08160

PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION *IN LIMINE* #4 TO EXCLUDE WITNESS TESTIMONY OF PREVIOUSLY UNDISCLOSED WITNESSES

      Plaintiffs Eleni Miglis, Hector Caraballo, Bryan P. Laforest, Guy-Robert Desir, Radica Kutwaru, Alexis Carrie, John Cutajar, and Andrew Certoma ("Plaintiffs" collectively) file this motion *in limine* to preclude Defendant BED BATH AND BEYOND, INC. from eliciting or offering at trial any testimony from Ali Butt, Jesus Cardenas, Carrie Cordero, Lynette D'Angelo, Craig Donahue, Matt Etringer, James Fenton, Nelson Garcia, Alex Gayl, Keith Giddeon, Brian Gill, Ed Graziani, Juana Hernandez, Robert Hughes, Karim Lemdani, Cian Maggiore, Paul Maillaro, Kellie Marsalli, Saihou Mbenga, Jean Mocomb, Sabrina Mylonas, Sha Tanna Patrick, Terry Phillips, Roy Polayes, Vince Porciello, Stuart Rosen, Nicole Samuels, Brendan Simpson, Jen Wahl, and Charles Woodham.

1

## STATEMENT OF FACTS

On January 12, 2017, Defendant produced to Plaintiff their initial disclosures pursuant to Rule 26. In the disclosures, Defendants identified the following:

**a.** Bed Bath and Beyond Human Resources personnel to be designated by Defendant, who possess knowledge of certain of Defendant's corporate policies and directives concerning the classification, compensation and allocation of Defendant's store management personnel.

**b.** Current and former Bed Bath & Beyond Inc. Store Managers and other personnel.

**c.** Plaintiffs

**d.** Any individuals identified by Plaintiffs in their Initial Disclosures.

On July 25, 2017, Defendant produced their responses to Plaintiff's interrogatories. Interrogatory No. 1 requested Defendant to identify each and every person believed to possess information concerning Plaintiff's claims or Defendant's defenses. In response, Defendant identified the following individuals: Judith Cohen, Lauren Alvarez, Michael Furlong, Leticia DelRio, Nick Grew, Chantal Doherty, Dawn Mihalek, Danny Salas, Daniel Peet, Joe Carpino, Kimberly Campbell, Keith Haack, Tina Suojanen, Howard Shyman, and Plaintiffs' Store Managers.

On May 10, 2018, at 6:58 p.m., Defendant provided the trial witness list to Plaintiffs' counsel, which listed 41 witnesses, 30 of whom were never previously disclosed or identified during discovery.

## ARGUMENT

**1. LEGAL STANDARD**

*Rule 26 of the Federal Rules of Civil Procedure* contains mandatory disclosure requirements, including the requirement of a party to disclose the identity of witnesses with information relevant to the issues alleged in the Complaint. *Fed. R. Civ. P. 26(a)*. The Rule also contains a duty to supplement discovery responses if it later becomes known that a response is incorrect or incomplete. *Fed. R. Civ. P. 26(e)*. A party that fails to disclose information or fails to amend a previous response is not permitted to use such information as evidence unless there is substantial justification provided for the failure and such failure is harmless. *Fed. R. Civ. P. 37(c)(1)*. Rule 37(c)(1)'s preclusionary sanction is automatic, absent a determination of either substantial justification, or "harmlessness". *American Stock Exchange, LLC v. Mopex, Inc.,* 2002 U.S. Dist. LEXIS 23924, * 19-20 (S.D.N.Y. 2002).

The Court considers the following factors in determining whether the non-complying party provided substantial justification and whether the failure is harmless: "(1) the explanation for the failure to disclose, (2) the importance of the evidence to be precluded, (3) prejudice if the evidence were not precluded, and (4) the possibility of a continuance." DeSantis v. Deutsche Bank Trust Co. Americas, Inc., No. 05 Civ. 10868 (DC), 2009 WL 66351, at *4 (S.D.N.Y. Jan. 9, 2009) (citation omitted).

**2. DEFENDANT SHOULD BE PRECLUDED FROM OFFERING TESTIMONY OF 30 PREVIOUSLY UNDISCLOSED WITNESSES**

The court may assume there is prejudice in Defendants' failure to disclose, unless the Defendant proves otherwise. *Castro v. City of New York*, 2009 U.S. Dist. LEXIS 69723 at *15 ("The burden to prove . . . harmlessness rests with the party who has failed to disclose information pursuant to Rule 26.") Failure to comply with the disclosure requirement may lead to preclusion of any undisclosed witness or evidence. See e.g., Pal

v. New York Univ., No. 06 Civ. 5892 (PAC) (FM), 2008 WL 2627614, at **4-6 (S.D.N.Y. Jun. 30, 2008); Schiller v. City of New York, Nos. 04 Civ. 7922 (RJS) (JCF), 04 Civ. 7921 (RJS) (JCF), 2008 WL 4525341, at *5 (S.D.N.Y. Oct. 9, 2008); Alfano v. Nat'l Geo. Channel, No. CV 06-3511 (NG) (JO), 2007 WL 2982757, at *1 (E.D.N.Y. Oct. 5, 2007); Fleming v. Verizon New York Inc., No. 03 Civ. 563 9(WHP), 2006 WL 2709766, at **7-9 (S.D.N.Y. Sept. 22, 2006).

Here, Defendant failed to disclose 30 witnesses to Plaintiffs until the eve of trial, with only few hours remaining until the pretrial submissions are due. Defendants identified only 14 individuals who have knowledge or information during discovery and have not supplemented their responses. There is no reasonable explanation for the Defendants' complete failure to disclose these witnesses except to surprise the Plaintiffs so close to the trial. "Justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure." *Henrietta D. v. Giuliani,* 2001 U.S. Dist. LEXIS 21848 at *13.

The entire point of requiring the disclosures of witnesses prior to trial is to provide notice to the opposing party so that they may adequately prepare defenses against the witness' testimony. Plaintiffs will be prejudiced if the testimony of these proposed witnesses were allowed. Plaintiffs have received no discovery whatsoever regarding whatever matters these individuals intend to allege, since they were not even provided with an opportunity to depose the witnesses or seek any discovery regarding these individuals.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order precluding Defendant from offering at trial any testimony from Ali Butt, Jesus

Cardenas, Carrie Cordero, Lynette D'Angelo, Craig Donahue, Matt Etringer, James Fenton, Nelson Garcia, Alex Gayl, Keith Giddeon, Brian Gill, Ed Graziani, Juana Hernandez, Robert Hughes, Karim Lemdani, Cian Maggiore, Paul Maillaro, Kellie Marsalli, Saihou Mbenga, Jean Mocomb, Sabrina Mylonas, Sha Tanna Patrick, Terry Phillips, Roy Polayes, Vince Porciello, Stuart Rosen, Nicole Samuels, Brendan Simpson, Jen Wahl, and Charles Woodham.

Date: 5/10/2018

**HANG & ASSOCIATES, PLLC**

By:   /s/ *Phillip H. Kim* \_\_\_\_
Phillip H. Kim, Esq.
136-20 38th Ave., Ste 10G
Flushing, New York 11354
Telephone: (718) 353-8588
Email: pkim@*hanglaw.com*
*Attorneys for Plaintiff(s)*