UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x
:
ELENI MIGLIS, *et al.*,                    :
:
   Plaintiffs,                    :
:
v.                                         :
:  Civil Action No. 16-cv-8160
BED BATH AND BEYOND, INC.                  :
:
   Defendant.                     :
:
---------------------------------------------------------------------- x

## DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF, AND ANY REFERENCE TO, DEFENDANT'S SIZE AND FINANCIAL CONDITION

Defendant Bed Bath & Beyond Inc. ("BBB" or "Defendant"), by and through its undersigned counsel, respectfully moves this Court for an Order excluding evidence of, and any reference to, Defendant's size, financial condition or net worth.

## INTRODUCTION

In this Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") case in which Plaintiffs claim they were improperly classified as exempt from overtime, the only issues for trial are (1) were Plaintiffs, in fact, misclassified, and (2) if so, to what damages are they entitled?[1] Evidence or facts pertaining to Defendant's size, financial condition, status or net worth are entirely irrelevant to the issues to be tried. Defendant brings this motion to preclude Plaintiffs' counsel from attempting to appeal to the jury's sympathy by introducing evidence of, or referring to, Defendant's size, financial condition or net worth. Such evidence is irrelevant and would be presented only in the hope of prejudicing and inflaming the jury and encouraging them

---

[1] In the pre-trial Order, the parties have jointly requested bifurcation of liability and damages, with the jury deciding only liability and the Court deciding damages.

1

to render a verdict in Plaintiffs' favor on an improper basis. For that reason, all evidence of, or references to, BBB's size and financial condition are inadmissible and should be excluded pursuant to Fed. R. Evid. 401, 402, and 403.

## FACTUAL BACKGROUND

BBB is one of the largest retailers in the home furnishing industry, with approximately 1,000 stores throughout all fifty (50) states, the District of Columbia, Puerto Rico, and Canada with over 45,000 employees. According to the most recent Form 10-K, BBB also operates 276 stores under the names of World Market, Cost Plus World Market or Cost Plus; 113 buybuy BABY stores; 80 stores under the names Christmas Tree Shops, Christmas Tree Shops andThat! or andThat!; and 54 stores under the names Harmon, Harmon Face Values or Face Values. BBB's net sales in fiscal year 2016 were reportedly $12.216 billion, with gross profits of $4.576 billion.

## ARGUMENT

It is well settled that evidence is only admissible if it is relevant. Fed. R. Evid. 402. And relevant evidence is that which has "any tendency to make the existence of any fact *that is of consequence* in determining the action." Fed. R. Evid. 401(b) (emphasis added); *Ordonez v. A & S Broadway Produce, Inc.*, No. 14-CV-4152 NSR JCM, 2015 WL 5729415, at *1 (S.D.N.Y. Sept. 29, 2015). Further, even if evidence is found to be relevant, the Court may still exclude it "'if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.'" *Id*. (quoting Fed. R. Evid. 403). To that end, the Court has "'broad discretion to balance probative value against possible prejudice' under Rule 403." *Id*. (quoting *United States v. Bermudez*, 529 F.3d 158, 161 (2d Cir. 2008)).

Moreover, it has long been the law in this Circuit that creating undue prejudice or passion that plays "upon the sympathy of the jury" is grounds for a new trial. *Matthews v. CTI Container Transp. Int'l, Inc.*, 871 F.2d 270, 278 (2d Cir. 1989). Courts in other circuits have also uniformly reached the same conclusion. In *Draper v. Airco, Inc.*, 580 F.2d 91, 95 (3d Cir. 1978), for example, the Court rejected plaintiff's counsel's effort to argue "that because the defendants were rich … and because the plaintiff was poor, the jury should base its verdict in favor of plaintiff on this financial disparity." *Id*. Such an argument could not be advanced because "justice is not dependent upon the wealth or poverty of the parties and a jury should not be urged to predicate its verdict on a prejudice against bigness or wealth." *Id*.

Similarly, in *City of Cleveland v. Peter Kiewit Sons' Co.*, 624 F.2d 749, 757 (6th Cir. 1980), the Sixth Circuit, relying on *Draper* and others, held that plaintiff's counsel's efforts to have "the jurors … draw the inevitable inference that defendant was a huge corporation" and to appeal "to the sympathy of [the] jurors through references to financial disparity" were improper and that defendant was entitled to a new trial as a consequence. *Id*.; *see also, United States v. Zipkin*, 729 F.2d 384, 390 (6th Cir. 1984) (holding that "[e]vidence of financial circumstances is ordinarily not relevant. This is true … in civil actions and evidence of the financial condition of the defendant is ordinarily not admissible….").

Here, there is no issue to which evidence of BBB's size, financial condition, net worth, or wealth could possibly be relevant. Defendant has not put its own size or financial condition into issue, and such evidence would prove nothing regarding the propriety of Plaintiffs' classification

as overtime exempt, nor would it prove anything about their alleged damages (assuming they can establish that they were misclassified).[2]

The only thing such evidence could do is appeal to the sympathy of the jury and inflame and prejudice the jurors in their deliberation on the issues that *are* properly before them. To the extent evidence of BBB's size or financial condition has any minimal probative value to Plaintiffs' claims (which it does not) it is substantially outweighed by the potential for prejudice against BBB. *See, e.g.*, *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, No. 08 CIV. 7508 SAS, 2013 WL 1155420, at *7 (S.D.N.Y. Mar. 20, 2013) (where defendants sought to exclude "evidence regarding defendants' general corporate wealth or revenue earned unrelated to [issues in the litigation]" Court was "disinclined to allow generalized evidence of defendants' profits…."). Accordingly, all such evidence should be excluded, and Plaintiffs and their counsel should be ordered to make no reference whatsoever to BBB's size, financial condition or net worth.

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court grant its motion and preclude Plaintiffs and their counsel from introducing evidence or making reference to BBB's size, financial condition or net worth.

Dated:   May 10, 2018

Respectfully submitted,

BED BATH & BEYOND INC.

---

[2] The parties have also jointly requested that the Court bifurcate liability and damages, having the jurors decide only liability. If the Court grants the parties' request, evidence of Defendant's financial condition is even more irrelevant in view of the fact that the jurors will not be deciding the issue of damages.

By its attorneys,

*/s/ Jonathan L. Sulds*
Jonathan L. Sulds
Justin F. Keith (admitted *pro hac vice*)
Kelly M. Bradshaw (*pro hac vice* forthcoming)
Greenberg Traurig LLP
MetLife Building
200 Park Avenue, 34th Floor
New York, NY 10166
(212) 801-9200
suldsj@gtlaw.com
keithj@gtlaw.com
bradshawKE@gtlaw.com