UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELENI MIGLIS, *et al.*,

   Plaintiffs,

v.

BED BATH AND BEYOND, INC.

   Defendant.

Civil Action No. 16-cv-8160

---

## DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF, AND ANY REFERENCE TO, OTHER LAWSUITS INVOLVING DEFENDANT

Defendant Bed Bath & Beyond Inc. ("BBB" or "Defendant"), by and through its undersigned counsel, respectfully moves this Court for an Order excluding evidence of, and any reference to, other lawsuits involving Defendant.

### INTRODUCTION

This case, and this case only, is set to begin trial in the near future. Defendant brings this motion to prevent Plaintiffs and their counsel from making reference in front of the jury or introducing evidence about other lawsuits against the Defendant, including but not limited to two other lawsuits that are currently pending against Defendant involving misclassification claims.[1] The existence of other wage and hour cases (or the combined total number of other Plaintiffs in those cases), or the fact that other lawsuits may have been filed against Defendant with allegations similar to those made here, is entirely irrelevant to whether the Plaintiffs *in this case* were properly classified as exempt. Like this case, the other two pending lawsuits filed by

---

[1] Those lawsuits are captioned *Carter, et al. v. Bed Bath & Beyond Inc.*, Docket No. MID-L-6178-16 (Middlesex County, N.J. Super., Oct. 24, 2015) and *Przytula, et al. v. Bed Bath & Beyond Inc.*, Docket No. 1:17-cv-05124 (EEC) (N.D. Ill. July 11, 2017).

different Plaintiffs in different jurisdictions amount to unproven and disputed claims that, if necessary, will be litigated at the appropriate time. Accordingly, such evidence should be excluded because:

1. It is irrelevant. Fed. R. Evid. 401, 402;

2. To the extent evidence regarding the existence of other lawsuits has probative value to Plaintiffs' claims (which it does not) it is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury. Fed. R. Evid. 403.

3. Any reference to such evidence is nothing more than an attempt to establish Defendant's purported bad character. Fed. R. Evid. 404; and

4. The allegations in other lawsuits are inadmissible hearsay. Fed. R. Evid. 801 and 802.

As set forth more fully below, the Court should grant Defendant's motion and enter an Order precluding Plaintiffs and their counsel from referring to in the presence of the jury, and/or introducing evidence at trial regarding, any other lawsuits involving Defendant.

## FACTUAL BACKGROUND

In addition to this action, there are two other lawsuits currently pending against BBB asserting claims for overtime compensation. Both of the other lawsuits include allegations that Defendant misclassified employees working as Assistant Store Managers ("ASMs"). The two other lawsuits are in varying stages of litigation. One of them is pending in the Northern District of Illinois, where a motion for conditional certification has been fully briefed and is pending before the Court. In the meantime, the parties have been underway in written discovery and document productions, but have recently jointly requested that the Court stay the case pending mediation. The parties are currently awaiting the Court's ruling on their request to stay. The other lawsuit is pending in state court in New Jersey, where the parties are nearing the

completion of discovery, have already begun conducting depositions, and anticipate dispositive motion practice and a motion for class certification to be filed in the coming months.

## ARGUMENT

### A. Evidence of Other Lawsuits Against Defendant is Irrelevant

Rule 402 of the Federal Rules of Evidence provides that, to be admissible, evidence must be relevant. Fed. R. Evid. 402. Relevant evidence is that "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Morales v. New York Dep't of Labor*, No. 06-cv-899 (MAD), 2012 WL 2571292, at *4 (N.D.N.Y. July 3, 2012) (citing Fed. R. Evid. 401). In other words, to be relevant, the evidence must be probative of a proposition that is logically related to one of the formal elements of the substantive law at issue. *See United States v. Kaplan*, 490 F.3d 110, 120-21 (2d Cir. 2007). Evidence that fails to provide such insight is irrelevant and must be excluded. Fed. R. Evid. 402.

Here, the issues for the jury to decide at trial are limited to: (1) whether Plaintiffs were properly classified as exempt from overtime; and (2) if necessary, the extent, if any, of Plaintiffs' damages. The Plaintiffs here are pursuing their claims on an individual basis and are not purporting to represent the interests of any other ASMs at trial. Thus, the filing of two other lawsuits against Defendant and the total number of plaintiffs or opt-in plaintiffs in those cases neither support nor refute any fact to be decided in this case pertaining to *these Plaintiffs*. The fact that other individuals have filed other lawsuits does not stand as proof that *any* plaintiff in *any* lawsuit is entitled to receive overtime. It demonstrates nothing more than the fact that, over the last two years, other current or former ASMs have asserted unproven and disputed claims that, if necessary, will be litigated at the appropriate time. Most importantly, the existence of the

other lawsuits and the number of plaintiffs therein provides no evidence whatsoever that is relevant to whether the Plaintiffs *in this case* are entitled to overtime.

Moreover, the two other currently pending lawsuits against BBB were filed *after* the Plaintiffs filed their complaint here. Thus, even if Plaintiffs are able to demonstrate that they were misclassified, evidence of or reference to the other lawsuits against Defendant bear no relevancy as to whether Defendant acted willfully. *Cf.*, *Ordonez v. A & S Broadway Produce, Inc.*, No. 14-CV-4152 NSR JCM, 2015 WL 5729415, at *1 (S.D.N.Y. Sept. 29, 2015) (noting that "*[p]rior* complaints" are "sufficient to put [an] employer on notice about its obligations under the FLSA and thus establish willfulness." (emphasis added)).

## B. Evidence or References to Other Lawsuits Must be Excluded under Fed. R. Evid. 403

Under Rule 403, even if proffered evidence is relevant, it may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Ordonez*, 2015 WL 5729415, at *1. Evidence is unfairly prejudicial if it has an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *See Old Chief v. United States*, 519 U.S. 172, 180 (1997) (quoting the Advisory Committee Notes to Fed. R. Evid. 403).

Here, even if evidence about other lawsuits had probative value, its limited probative value is substantially outweighed by the danger of unfair prejudice to BBB. Plaintiffs surely will seek to bolster their otherwise feeble claims by pointing to the mere existence of other unresolved and disputed overtime claims asserted by other ASMs and the number of individuals who have asserted such claims. A jury could easily misconstrue evidence about the existence of other claims and the number of litigants who are making such claims as proof that the Plaintiffs

in this case are entitled to overtime compensation, even though such claims, like those here, are entirely unproven. *Ordonez*, 2015 WL 5729415, at *2 ("Defendants contend, and the Court agrees, that the two prior complaints are largely irrelevant to the instant action and would be unfairly prejudicial if admitted for all purposes at trial.").

As this Court has previously held, "the risk of unfair prejudice and confusion from introducing documents reflecting allegations in other cases clearly outweighs the probative value of such claims." *Richmond v. Gen'l Nutrition Centers, Inc.*, No. 08-cv-3577 (PAE), 2012 WL 762307, at *9 (S.D.N.Y. Mar. 9, 2012); *see also*, *Abu Dhabi Comm. Bank v. Morgan Stanley & Co., In*c., No. 08-cv-7508 (SAS), 2013 WL 1155420, at *7 (S.D.N.Y. Mar. 20, 2013) ("[A]ny probative value of references to [other litigations] is substantially outweighed by the risk of unfair prejudice, confusion of the issues, misleading the jury, and waste of time under FRE 403[.]" (quoting *Park W. Radiology v. CareCore Nat. LLC*, 675 F. Supp. 2d 314, 330 (S.D.N.Y. 2009)); *Chapple v. Fahnestock & Co., Inc.*, No. 03-cv-4989 (TLM), 2010 WL 3118638, at *1 (E.D.N.Y. Aug. 5, 2010) (holding that "the trial of this matter is to focus on the facts of the case, not the litigation history of other lawsuits" and "[a]ny probative value that the details of the proceedings in those lawsuits might have is substantially outweighed by the danger of unfair prejudice were those details to be presented to the jury"); *CDX Liquidating Trust v. Venrock Assocs.*, 411 B.R. 591, 599 (N.D. Ill. 2009) ("the existence of other lawsuits is not evidence that any of the claims in those lawsuits are true, and admission of those allegations would be prejudicial."); *United States ex rel. Cannon Air Corp. v. Nat'l Homes Constr. Corp.*, 581 F.2d 157, 163 (8th Cir. 1978) (affirming district court's exclusion of "evidence showing National's participation in other litigation involving the Offutt project. Such evidence has a much greater potential for prejudicing a jury. The jury could reasonably draw the improper inference that

National must be liable or it would not be involved in so many lawsuits"); *Davis v. Harris*, No. 03-3007, 2006 WL 3513918, at *3 (C.D. Ill. Dec. 5, 2006) (excluding evidence of other lawsuits and administrative proceedings because 'the existence of other lawsuits is not evidence that any of the claims in those lawsuits are true, and admission of those allegations would be prejudicial").

Further, admission of this evidence will unquestionably lead to both juror confusion as well as undue delay and a waste of time. If the evidence is admitted, Defendant will have no choice but to present evidence demonstrating that, as in this case, it properly classified the ASMs at issue in those other cases. This will lead to several not so mini-trials, as the other suit in the Northern District of Illinois, like this one was originally, is being brought on a collective basis and challenges Defendant's practices at hundreds of stores nationwide where the day-to-day duties of ASMs vary based on a number of factors including but not limited to geographic area, size of the store, and store volume.

Similarly, the New Jersey action is brought on a state class-wide basis and challenges Defendant's practices under New Jersey state law, which is not at issue in this case but will inevitably need to be considered by the jury here if BBB is forced to defend itself against allegations made in the *other* lawsuits in *this* lawsuit. These "mini-trials" will confuse the jury by diverting attention away from Plaintiffs' allegations and the claims in this case. And, allowing such evidence would also result in undue delay and a waste of time, as presenting testimony regarding these other suits would likely add at least another week to the trial here.

Indeed, the Second Circuit has counseled against allowing evidence of low probative value that would result in undue delay because of the need to conduct mini-trials on the collateral issues raised. *United States v. Schatzle*, 901 F.2d 252, 256 (2d Cir. 1990) ("the district court was

well within its discretion in concluding that the potential delay from allowing a mini-trial on [the witness' prior arrest] outweighed any likely probative value."); *see also*, *United States v. Gardell*, No. S400CR.632 (WHP), 2001 WL 1135948, at *6 (S.D.N.Y. Sept. 25, 2001) (excluding evidence that would require defendant to "mount a substantial defense to refute allegations … [which] will draw out an already protracted trial… Thus, what is offered only as background evidence will likely assume disproportionate significance at trial, lead to a mini-trial…, and engender confusion among the issues. In the same vein, such evidence likely will mislead the jury… Accordingly, this Court exercises its discretion to preclude such evidence because its minimal probative value is substantially outweighed by its needlessly cumulative nature and the danger of undue delay and confusion.").

      **C.**    **Evidence of Other Lawsuits Constitutes Improper Character Evidence and Should be Excluded Under Fed. R. Evid. 404**

Plaintiffs will almost certainly also attempt to use the existence of other lawsuits for the impermissible purpose of showing that Defendant's actions in this case conform with the purported "bad" acts alleged against them in the other lawsuits. Such character evidence is inadmissible.

"Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). Further, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Fed. R. Evid. 404(a)(1), (b)(1), (2).

The Second Circuit uses a four-part test to determine whether evidence is admissible under Rule 404(b):

7

> (1) the evidence must be introduced for a proper purpose, such as proof of knowledge or identity; (2) the offered evidence must be relevant to an issue in the case pursuant to Rule 402; (3) the evidence must satisfy the probative-prejudice balancing test of Rule 403; and (4) if the evidence of other acts is admitted, the district court must, if requested, provide a limiting instruction for the jury.

*United States v. Gilan*, 967 F.2d 776, 780 (2d Cir. 1992).

Although most often used in criminal cases, Rule 404(b) equally applies to civil cases, and "generally prohibits the introduction of evidence of extrinsic acts that might adversely reflect on the actor's character, unless that evidence bears upon a relevant issue in the case such as motive, opportunity or knowledge." *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988).

Here, Plaintiffs cannot demonstrate that any other "bad act" actually occurred. For example, the other overtime cases filed by Plaintiffs' counsel amount to nothing more than unproven allegations and disputed claims. The claims have not been proven, and there has not been a finding that Defendant is liable for any of the asserted claims. Put simply, Plaintiffs have no evidence that a previous "bad act" actually occurred.

Further, even if the other lawsuits against the Defendant were somehow accepted as being other "bad acts" by Defendant, Plaintiffs cannot demonstrate that the purported "bad acts" evidence is admissible for any purpose other than an improper attempt to disparage Defendant's character. Plaintiffs will merely use this irrelevant evidence to cast Defendant in a bad light and, with respect to other overtime cases, suggest to jurors that there is strength in numbers and if other plaintiffs allege that Defendant violated the FLSA or overtime laws, it must be true. Plaintiffs' evidence of other lawsuits is not probative of any material issue, including the issue of whether BBB acted willfully (assuming Plaintiffs prevail on their claims) because, as set forth above, the other lawsuits at issue were filed subsequent to this case. Evidence of the other

lawsuits blatantly constitutes improper character evidence. Thus, evidence of other lawsuits, as well as any reference to such lawsuits, should be precluded.

### D. Evidence of Other Lawsuits is Inadmissible Hearsay

Federal Rule of Evidence 802 provides that, as a general matter, hearsay statements are inadmissible. Hearsay is defined as an out-of-court statement "offer[ed] in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). As this Court and others elsewhere have frequently recognized, complaints in other lawsuits are classic examples of inadmissible hearsay. *See, e.g., Richmond*, 2012 WL 762307, at *9 (precluding introduction of other, unrelated lawsuits because complaints are inadmissible hearsay); *Rivera v. Metro Transit Auth.*, 750 F. Supp. 2d 456, 461 (S.D.N.Y. 2010) (unsworn statement in complaint in another lawsuit is inadmissible hearsay); *Gaffney v. Dep't of Info. Tech. & Telecomms.*, 579 F. Supp. 2d 455, 459 (S.D.N.Y. 2008) (evidence concerning plaintiff's prior lawsuits was inadmissible hearsay).

Likewise, here, the allegations in the other two complaints and lawsuits against BBB are inadmissible hearsay about conduct that cannot be subjected to cross-examination in this trial. Thus, the Court should preclude Plaintiffs from referring to and/or introducing such evidence at trial.

### CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant its motion in its entirety, and preclude Plaintiffs and their counsel from introducing evidence and/or referring to any other lawsuits against Defendant, including but not limited to the two currently pending suits.

Dated: May 10, 2018

        Respectfully submitted,

        BED BATH & BEYOND INC.

        By its attorneys,

        <u>*/s/ Jonathan L. Sulds*</u>
        Jonathan L. Sulds
        Justin F. Keith (admitted *pro hac vice*)
        Kelly M. Bradshaw (*pro hac vice* forthcoming)
        Greenberg Traurig LLP
        MetLife Building
        200 Park Avenue, 34th Floor
        New York, NY 10166
        (212) 801-9200
        suldsj@gtlaw.com
        keithj@gtlaw.com
        bradshawKE@gtlaw.com